[L. A. No. 3629.   Department One.—March 11, 1916.]

## LEE CHAMBERLAIN, Appellant, v. U. G. AUGUSTINE and F. A. BUCHANAN, Respondents.

SALE OF STOCK—RESTRAINT OF TRADE—COVENANT OF SELLER TO PAY DAMAGES.—An agreement by the seller of stock in a manufacturing corporation, whereby he covenants to pay to the purchaser the sum of five thousand dollars as liquidated damages in the event that he, within a period of three years, becomes directly or indirectly interested in any business carried on in the states of California, Oregon or Washington, similar to the business of the corporation whose stock was sold, is void, under section 1673 of the Civil Code, as operating

to restrain the seller from exercising a lawful profession, trade, or business.

ID.—CONTRACT IN PARTIAL RESTRAINT OF TRADE.—Section 1673 of the Civil Code makes no exception in favor of contracts only in partial restraint of trade.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Stuart M. Salisbury, for Appellant.

John H. Foley, and G. H. P. Shaw, for Respondents.

SHAW, J.—This is an action to recover of the defendant Augustine the sum of five thousand dollars ($5,000) as liquidated damages for the breach of an agreement. The defendant Buchanan is made a party defendant because of his refusal to join as a party plaintiff. The defendants filed separate demurrers to the complaint which were sustained by the court below, and, upon plaintiff's failure and refusal to amend his complaint, the court entered judgment in favor of the defendants. The plaintiff appeals from the judgment.

The defendant Augustine sold sixty shares of stock in the Los Angeles Foundry Company to Chamberlain and Buchanan at the price of five thousand dollars. The contract of sale recited that this was more than the purchasers considered it would be worth, except for the agreement of Augustine embraced in the contract and presently to be stated. It also recited that Augustine had for a long time devoted his energies to the establishment and development of the business of said corporation and was familiar with it in all its details and was experienced therein, and that he desired to withdraw therefrom. The agreement of Augustine above referred to was as follows:

"Said Augustine for the consideration aforesaid does hereby covenant and agree with said Chamberlain and Buchanan that in case he at any time within a period of three years from date hereof, while said corporation, its successors or assigns, shall continue in the business now and heretofore conducted by it, be or become either directly or indirectly interested in any business either as principal, or as agent, em-

ployee or otherwise, of any person or persons, corporation or corporations, or a stockholder of any corporation engaged in or carrying on any business, carried on or in any manner conducted in the state of California, Oregon or Washington, similar to that now or heretofore conducted by said corporation, he will pay to said Chamberlain and Buchanan the sum of $5,000.00 as liquidated damages.''

There was a stipulation at the end of said contract that said Augustine might engage in the occupation as molder or laborer in several named corporations without violating the above contract.

The complaint alleges that during the months from September, 1911, to and including January, 1912, the defendant Augustine became financially interested in and assumed the control and charge of the Pacific Sashweight Foundry in the city of Los Angeles, and that the business of the said Pacific Sashweight Foundry was similar to, independent of, and in competition with the business of the Los Angeles Foundry Company; that the defendant Augustine on or about October 1, 1912, became interested as a stockholder and in control and charge of the business carried on by the U. G. Augustine Foundry and Manufacturing Company which conducted a business similar to, independent of, and in competition with the Los Angeles Foundry Company, in the state of California.

The court below in sustaining the demurrers to the complaint held that said contract was in violation of section 1673 of the Civil Code, and, therefore, void and unenforceable. The correctness of the court's construction of the contract is the question now presented for consideration.

Section 1673 of the Civil Code provides: ''Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void.'' Section 1674 makes an exception in favor of one who sells the goodwill of a business whereby he may agree not to carry on a similar business within a specified county or city, or a part thereof, while the buyer, or his assigns, carries on a like business therein; section 1675 refers to agreements between partners in relation to a dissolution of the partnership and it has no application to this case.

It is not claimed, nor would such a claim be tenable, that the sale of the stock of the Los Angeles Foundry Company

constituted a sale of the goodwill of the corporation so as to bring it within the purview of section 1674 of the Civil Code. (See *Merchants' Ad-Sign Co.* v. *Sterling,* 124 Cal. 429, [71 Am. St. Rep. 94, 46 L. R. A. 142, 57 Pac. 468].)

It will be observed that defendant Augustine's covenant with respect to liquidated damages is not expressly cast in negative form, and because of this it is insisted by appellant that it is not a contract restraining Augustine from exercising a lawful business, but is merely an agreement that if he did engage in such business he would pay the sum of five thousand dollars as liquidated damages, and that the contract does not, therefore, violate the code provision. In form, the agreement is as appellant claims. But none the less, it is a contract which operates to restrain Augustine from carrying on the business mentioned. It imposes upon him a liability in the sum of five thousand dollars if he does engage in such business. If the contract is valid, he is not as free to do so as he would have been if he were not bound by it. To the extent that the necessity of paying five thousand dollars deters him from engaging therein, he would be restrained. This is clearly a restraint of a substantial character and the form in which it is cast does not make it less a restraint. As stated by the court below, "The circumstances surrounding the transaction, the recitals in the contract, and the evident purpose thereof, the fact that the five thousand dollars was to be paid as liquidated damages—the recovery of which is applicable only to breaches of contract—indicate that the parties understood that Augustine was covenanting not to engage, in the state of California, Oregon or Washington, in the business referred to in the covenant." The covenant in question clearly operates to restrain the defendant from "exercising a lawful profession, trade, or business" and as it does not fall within the exceptions given in section 1673, it is, therefore, void.

Appellant insists that even if there was an agreement not to engage in business such covenant would be valid because, by its terms, defendant was permitted to act as laborer or molder in various foundries named in the contract and because it applied only to business carried on in the states of California, Washington or Oregon, and that this constituted only a partial restraint. The obvious answer to this is the very language of section 1673 providing that "every contract by which anyone is restrained from exercising a lawful busi-

ness . . . otherwise than is provided by the next two sections, is to that extent void.'' The statute makes no exception in favor of contracts only in partial restraint of trade.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.