# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### DAVIS v. JOINTLESS FIRE BRICK CO.

(Circuit Court of Appeals, Ninth Circuit. June 30, 1924. Rehearing Denied August 4, 1924.)

#### No. 4228.

1. **Principal and agent ⬅29—Agent who continues to act after termination of contract is bound by its terms.**

   Where an agent, after receipt of a letter from his principal terminating his contract continues to act, and his services are accepted, he is still bound by the terms of the contract.

2. **Contracts ⬅117(2)—Contract held invalid under state statute as in restraint of trade.**

   Under Civ Code Cal. § 1673, providing that "every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, * * * is to that extent void," a provision of a contract of agency by which the agent covenanted not to engage in the sale of any product competing with that of his principal within two years after termination of the contract is not enforceable.

3. **Contracts ⬅101(2)—Contract against public policy of state of performance not enforceable**

   A contract, though valid in the state where made and by the laws of which it is provided it shall be construed, but which is invalid under the law of the state where it is to be performed, and contrary to its public policy, is not enforceable in that state against a resident thereof.

4. **Injunction ⬅136(2)—Restraining former agent from misrepresentations to public approved.**

   ·An order granting a preliminary injunction affirmed, in so far as it restrained defendant, a former agent of complainant, from using or disclosing to others lists of complainant's customers, or conducting business for a competitor in such manner as to deceive the public into believing that he was still acting for complainant, and that the goods sold by him were complainant's product.

Appeal from the District Court of the United States for the Third Division of the Northern District of California; John S. Partridge, Judge.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

300 F.—1

Suit in equity by the Jointless Fire Brick Company against Glen L. Davis. From an order granting a preliminary injunction, defendant appeals. Reversed, with direction to modify.

This is an appeal by Davis, defendant below, from injunction pendente lite, restraining Davis from engaging in the sale of a certain commodity that competes with the business of plaintiff in California, for two years from December 15, 1923. The Brick Company, plaintiff below, is an Illinois corporation doing a large business in plastic furnace lining, with the registered trade-name "Plibrico." Davis was appointed exclusive sales agent for Plibrico for California by contract dated June 1, 1921, running for one year and thereafter until revoked. Material provisions were: Davis was to use his best endeavors in marketing the products within California to the exclusion of any merchandise that would serve the purpose or conflict with the product of his principal, though he was not prohibited from dealing in other commodities which did not conflict with his principal's interest. Orders were to be billed direct from the principal, and bills were to be collected by it. Sections 12 and 13 of the contract are as follows: "(12) It is particularly stipulated and made a part of the consideration and the inducement on the part of the principal in entering into this contract, and the terms and prices herein contained, that said agent shall not engage in the sale of any one-piece fire brick lining or high heat resistive bond or cement, or commodity that will compete with the principal's business, for a period of two years immediately following the severing of connections with said principal.

"(13) This contract and all covenants and conditions therein contained shall be construed and interpreted according to the laws of the state of Illinois, and may be revoked at any time at the option of said principal upon giving 60 days' notice in writing."

Affidavits by plaintiff company set forth that about October or November, 1923, Davis was billing material direct to customers and making collections on his own account, contrary to the provision in the contract; that on October 15, 1923, "for good and sufficient reason" (not stated in detail), acquiesced in by Davis, the contract of June 1st was terminated by letter to Davis; that about December 26, 1923, the company, learning that Davis was selling a competing product, asked for his resignation, but that, notwithstanding such request, Davis wrongfully assumed to act as agent for plaintiff, used letter heads of the plaintiff company, misled certain customers to whom he shipped a plastic fire brick made by a competing company, wrongfully diverted moneys, misused lists of customers, and did other acts showing deception and misrepresentation—all of which greatly reduced plaintiff's business in California.

Davis by affidavit said that plaintiff, by the letter of October 15th, had broken the contract and left him free to ignore its provisions; that he was ignorant of his rights and of the law of unfair competition, and had no intention to defraud plaintiff; and that he is ready to account to plaintiff for any product sold in excess of a certain quantity, which was delivered to a customer who ordered Plibrico.

George K Ford and Fred C. Peterson, both of San Francisco, Cal., for appellant.

Charles E Townsend, of San Francisco, Cal. (Wm. S. Graham and Wm. S. Downing, both of San Francisco, Cal., of counsel), for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] It is clear that after the letter of October 15th Davis was recognized by the plaintiff as its agent, and that he continued to act as agent until after December 26, 1923. This relationship was of a fiduciary character, but he deliberately failed to notify the plaintiff company that he was in fact acting as agent for a company selling a competing product, and

was selling and delivering such competing product as Plibrico, and was leading purchasers of the competing product to believe that they were dealing with him as agent for the plaintiff. By his conduct, and by ignoring the October 15th notice of cancellation, he is not now in a position to ask a court to uphold his contention that after October 15th he was free to hold onto' the benefits accruing under his contract of agency, yet could repudiate its valid provisions  The court will treat him as having elected to keep the contractual relationship alive for the benefit of the plaintiff company, as well as himself, subject to such obligations and liabilities as were lawfully assumed under the old contract. New Brunswick & Canada R. Co. v. Wheeler (C. C.) 12 Fed. 383; 13 C. J. § 764; Farrelly v United States, 159 Fed. 675, 86 C. C. A. 539.

[2] We may assume that the contract, tested by general principles, is valid. Oregon Steam Co. v. Winsor, 20 Wall. (87 U. S.) 64, 22 L. Ed. 315. But the vital question is: Does the statute of California interdict the contract, in so far as it restrains Davis from selling a competing product?  Section 1673 of the Civil Code of California provides:

"Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent, void."

To this provision there are certain exceptions: (a) Where one sells the good will of a business; and (b) in the case of partners who, upon or in anticipation of a dissolution of the partnership, agree that none will carry on a similar business within the same city or town where the partnership business has been transacted. We pass the exceptions as not pertinent.

The adjudications of the highest state court, interpreting the statute, defining the public policy of the state, compel a decision against the validity of the clause whereby Davis agreed not to engage in the business of selling a fire brick that competes with Plibrico. Meister v. Moore, 96 U. S. 76, 24 L. Ed. 826. In the recent case of Chamberlain v. Augustine et al., 172 Cal. 285, 156 Pac. 479, the court considered section 1673, supra, and distinctly held that the statute "makes no exception in favor of contracts in partial restraint of trade." See, also, Merchants' Ad Sign Co. v. Sterling, 124 Cal. 429, 57 Pac. 468, 46 L. R. A. 142, 71 Am. St. Rep. 94; Vulcan Powder Co. v. Hercules Powder Co., 96 Cal. 510, 31 Pac. 581, 31 Am. St. Rep. 242.

[3] The agreement that the covenant shall be construed according to the law of Illinois is ineffectual to avoid the statute of California, the place of performance, where Davis resides, and where the regulation provided for would be invalid by the law therein prevailing. Scudder v. United States Nat'l Bank, 91 U. S. 406, 23 L. Ed. 245; Andrews v Pond, 13 Pet. 65, 10 L. Ed. 61. In Flagg v. Baldwin, 38 N. J. Eq. 219, 48 Am. Rep. 308, it was held that a contract void under the law of New Jersey, but made in New York, where the contract was lawful and enforceable, could not be enforced in New Jersey against a resident of New Jersey, because enforcement would violate the policy of the state of New Jersey as evinced by its statute. The doctrine is that under such circumstances such a contract is excepted from the rule

of comity, which requires the enforcement by the law of one state of contracts of another state, if valid by the law of the place of contract. In Hill v. Spear, 50 N. H. 253, 9 Am. Rep. 205, the court, after saying that the validity of a contract is to be decided by the law of the place where it was made, unless it was agreed expressly or by tacit implication that it should be performed in some special place, recognized as an important exception to the rule this: That no state is bound to recognize or enforce contracts which the government of such state may deem injurious to its own interests, or to the welfare of its own people, or which are in violation of its own laws. Such contracts are considered as nullities in every country affected by such considerations, although they may be valid by the laws of the place where the contract is made. In Pope v. Hanke, 155 Ill. 617, 40 N. E. 839, 28 L. R. A. 568, the court said that it was true that one state would recognize and execute the laws of another through comity, yet that the principle of comity does not require the enforcement of a law of one state which is prejudicial to the interests of the state where it is sought to be enforced. Comity between states does not require a law of one state to be executed in another when it would be against the public policy of the latter state. In Rhodes et al. v. Missouri Savings & Loan Society, 173 Ill. 621, 50 N. E. 998, 42 L. R. A. 93, the court held that the rules of comity do not require that foreign corporations should be allowed to enforce contracts in Illinois, where such enforcement would be in conflict with the laws of Illinois, and, thus in conflict, would work against the citizens of Illinois, and give to citizens of another state an advantage which the residents did not have. Gist v. Western Union Tel. Co., 45 S. C. 344, 23 S. E. 143, 55 Am. St. Rep. 763; 6 R. C. L. 91.

The rule of the cases cited is approved by the Supreme Court and other federal courts. In Bank of Augusta v. Earle, 13 Pet. 519, 591, 10 L. Ed. 274, the court held that, when the policy of a state by a special law has been made manifest, the courts of the United States will be bound to notice the statute of policy as a part of its code of laws, and to declare all contracts in the state repugnant to it to be illegal and void. In Equitable Life Society v. Clements, 140 U. S. 226, 11 Sup. Ct. 822, 35 L. Ed. 497, it was held that the insertion in a policy of insurance of a provision for a different rule of commutation from that prescribed by the statute of Missouri, and the insertion of a clause by which the beneficiary of the policy purported to waive and relinquish all right to any other surrender value, whether required by statute or not, was an ineffectual attempt to avoid and nullify the clear words of the statute. In Grosman v. Union Trust Co., 228 Fed. 610, 143 C. C. A. 132, Ann. Cas. 1917B, 613, the court held that a contract, though valid under the law of the place where it was made, will not be enforced in a jurisdiction where to enforce it would involve a disregard of the established public policy of that jurisdiction.

[4] From these decisions we conclude that the injunction by which Davis, his representatives, agents, or employés, or others acting under his direction, are restrained from engaging directly or indirectly in the sale of any one-piece fire brick lining or high heat resistive bond or cement or commodity that will compete with the plaintiff company's

business in California for a period of two years from December 15, 1923, is, to that extent, void. But in so far as the injunction restrains him from disclosing, or offering to disclose or make use of, lists of former customers of plaintiff, or using stationery upon which the word "Plibrico" appears, or conducting a business of a competitor, where his acts may deceive the public into believing that he is still the agent of the plaintiff, or that the goods offered by him are in fact the product of plaintiff, or from interfering with existing contracts with the agents of plaintiff, or inducing them to violate their contracts, or taking orders addressed to or intended for plaintiff, the order was right and proper.

The order appealed from is reversed, and the cause is remanded, with directions to modify the injunction in accordance with the views herein expressed. Costs in this court to be equally divided.