[Civ. No. 17602.   Second Dist., Div. Three.   Nov. 21, 1950.]

WILLIAM J. BOS, Appellant, v. UNITED STATES RUBBER COMPANY, Respondent.

Carl O. Kowol for Appellant.

O'Melveny & Myers, Homer I. Mitchell and Rodney K. Potter for Respondent.

SHINN, P. J.—Plaintiff sues for damages alleging that he was discharged by defendant as its employee for the express purpose of depriving him of rights under defendant's employees' pension plan. He claims that his discharge was wrongful and in violation of the company's obligation under the pension contract. He stated three causes of action. Judgment on the pleadings was rendered against him on the first cause of action. Demurrers were sustained with leave to amend as to the second and third causes of action; plaintiff declined to amend and judgment was entered against him. The complaint prays for declaratory relief but the action is essentially one for damages.

We shall consider the first cause of action, which is based upon the pension agreement. The pertinent provisions of the pension plan read as follows: "a. All employees of the Company engaged in any capacity whatsoever, and wherever located, are eligible to a pension as hereinafter stated.

"b. All male employes who have reached the age of sixty-five years and whose term of employment has been twenty years or more, and all female employes who have reached the age of sixty and whose term of employment has been twenty years or more may, with the approval of the Pension Committee retire from active service, if they so desire, and become eligible for pensions.

"c. All male employes who have reached the age of sixty years and whose term of employment has been twenty years or more and all female employes who have reached the age of fifty-five and whose term of employment has been twenty years or more, may, at the discretion of the Pension Committee, be retired from active service and become eligible for pensions.

"9. AMOUNT OF PENSIONS a. The annual amount of such pensions shall equal one percent of the average yearly wage for the ten years prior to retirement, times the number of years employed, but such pensions shall not be more than $5,000.00 per year, nor less than $240.00 per year.

"b. In case of special difficulty in determining with practical accuracy the average yearly wage for the ten years prior to retirement, the Committee may at its discretion take some smaller consecutive number of years for the purpose of determining a fair average yearly wage.

"11. GENERAL PROVISIONS. a. Neither the action of the Board of Directors in establishing this Pension Plan or any action hereafter taken by the Board of Directors or the Pension Committee shall be construed as giving any officer or employe or agent of the Company the right of service, or any right to a pension, and the Company expressly reserves its right and privilege to discharge at any time any officer, employe or agent when the interests of the Company, in its judgment, may so require, without liability for any claim for a pension or other allowance other than salary or wages due and unpaid.

"b. The Board of Directors may annul, alter, add to or amend in any way any and all of the provisions contained in this plan, or hereafter adopted by the Board of Directors in respect to this plan, and may at any time set aside any action taken by the Pension Committee.

"c. The Company guarantees that once a pension has accrued to a particular employe, it will continue such pension for the life of the particular employe and as specified with reference to widows and minor children; subject, however, to the provisions and conditions of the regulations laid down by the Board of Directors or the Pension Committee. It is understood that section 11-b given above shall not affect such guaranty."

Plaintiff was in the employ of the company from April, 1917 until April, 1942, when he was discharged at the age of 55. He makes the following allegations with relation to his discharge: "Plaintiff further contends and alleges that the defendant discharged this plaintiff without due cause upon a trivial and arbitrary refusal to further keep plaintiff in its employ so that he could complete the small fraction of the period of employment contended by the defendant to be required under said pension plan; that said discharge of plaintiff by the defendant was in complete disregard of plaintiff's

accrued rights under said pension plan; that said discharge was made for the fraudulent purpose of evading defendant's obligations and responsibilities incurred under said pension plan; and that the defendant ought not be permitted to now rely upon the aforesaid fraudulent discharge.''

Plaintiff's case is argued on the theory that having reached the age of 60, and notwithstanding his discharge, he is entitled to recover as damages an amount equivalent to what he would have received on the basis of his life expectancy had he remained in his employment and been retired at the age of 60. Defendant's answer to this contention is that plaintiff acquired no rights whatever under the pension plan for the reason that he was discharged before he had reached the minimum age of 60 years; also that at the age of 60 an employee's right to retire and receive a pension is wholly dependent upon action taken by the pension committee, and that in the absence of favorable action by the committee plaintiff can have no right to a pension. The question whether facts were stated which, if proved, would entitle plaintiff to relief depends upon the construction to be placed upon the pension agreement. It is not questioned by defendant that the agreement imposes an obligation to pay employees' pensions if and when conditions precedent have been met, or in other words, that the agreement enters into the contract of employment and is based upon a sufficient consideration.

According to the allegations of the complaint, which on the motion were to be taken as true, plaintiff was discharged without cause. It may be conceded, without so deciding, that under section 11a it is implicit that an employee will be discharged only ''when the interests of the company, in its judgment, may so require.'' It should be assumed also that in determining whether the interests of the company require the discharge of an employee the responsible officers would be under a duty to exercise their judgment fairly, honestly, and in good faith. According to the complaint they did not do so. The question then arises whether plaintiff's discharge constitutes an actionable breach of contract. Plaintiff is suing as one who has reached the age of 60, but not the age of 65. The rights of an employee who has arrived at one age or the other after a term of employment of 20 years or more differ in a material respect. At 65 the employee may retire himself ''with the approval of the Pension Committee.'' Whether approval could be withheld without cause is a question which suggests itself but is not involved here. At the age of 60 the employee has no right to retire. At the discretion of the pension com-

mittee he may be retired and thereupon become eligible for a pension. At the same time he may be retained in the service of the company for an additional five years before he can demand retirement and the approval of the pension committee thereto. Broadly speaking the employee may be retired involuntarily at any time after he reaches 60 years of age and he may retire voluntarily upon reaching the age of 65. ▪ Under the agreement, as we construe it, the pension committee has the absolute and uncontrolled right to refuse retirement to any employee who has not reached the age of 65. If the committee, acting for the company, is satisfied to retain the employee in the service of the company and does not retire him, no right of the employee has been violated. Had plaintiff remained in defendant's employ until the age of 60, and had the pension committee decided to retain his services for a part or all of the ensuing five years, such action would have been one of the privileges retained by the company under the agreement. The decision of the committee would have been final and plaintiff would have had to abide by it. ▪ His discharge from employment, even if wrongful, could give him no greater right than he would have had as an undischarged employee seeking retirement and a pension at the age of 60. The discretionary powers and the duties of the pension committee are governed by the agreement and were not altered in any respect by the discharge of plaintiff. The present action is founded upon the mere possibility that if plaintiff had remained in his employment he would have been retired by the company at the age of 60. His claim of present detriment necessarily rests upon the untenable theory that he would have been entitled, as a matter of right, to be retired at the age of 60. The court can no more convert the possibility of action by the company favorable to plaintiff's retirement into a tangible right in the circumstances alleged in the complaint than it could have controlled the action of the pension committee had plaintiff reached the age of 60 while in defendant's employ. ▪ The facts alleged in the first cause of action and relied upon in plaintiff's brief were insufficient to entitle plaintiff to a judgment for damages. ▪ Nothing remains as the basis for a declaratory judgment. (*Brix* v. *Peoples Mut. Life Ins. Co.*, 2 Cal.2d 446 [41 P.2d 537].)

The brief of defendant, after answering the contentions of plaintiff with respect to the rights he would have at the age of 60, proceeds to a discussion of the rights and claims plaintiff might have had if he had been wrongfully discharged shortly

before reaching the age of 65 in violation of the pension agreement. Defendant argues that even then plaintiff's claim to damages comprising sums that might have become payable to him by way of pension would be untenable unless his discharge constituted an anticipatory breach of the agreement. And it is contended that it did not constitute such a breach. (*Brix* v. *Peoples Mut. Life Ins. Co., supra,* 2 Cal.2d 446; *Cobb* v. *Pacific Mutual Life Ins. Co.,* 4 Cal.2d 565 [51 P.2d 84]; *Sethman* v. *Bulkley,* 9 Cal.2d 21 [68 P.2d 961].) We deem it unnecessary to discuss the case upon a theory which is not relied upon by plaintiff or mentioned in his brief. We therefore do not decide any question respecting the pension claims of a qualified employee of defendant who has reached the age of 60 and has been discharged without cause and for the sole purpose of depriving him of pension rights which might mature when he reached the age of 65. Judgment on the pleadings as to the first cause of action was not erroneous.

The second cause of action alleged oral representations and promises by defendant prior to the inception of plaintiff's employment as to what plaintiff's rights under the pension agreement would be. In brief, the allegations were that as an inducement to plaintiff to enter defendant's employ he was told that "said pension plan provided a life pension to all employees of the defendant who had served in defendant's employ for at least 20 years, who had attained the age of 60 years" etc. It was alleged that plaintiff relied upon such promise and so relying remained in defendant's employ rather than to take other more lucrative employment. It was not alleged that defendant made any representation in bad faith nor was it alleged that plaintiff did not have knowledge of the terms of the agreement which set forth the pension plan. And it was, of course, true that the plan did provide for pension at the age of 60 with 20 years of service. But the second cause of action was clearly an attempt to substitute the alleged oral agreement for the written one, or to modify it. Evidence would have been inadmissible to prove the alleged representation or promise for the purpose of altering the written agreement in a material respect. The demurrer to this cause of action was properly sustained upon this ground. (*Alameda County Title Ins. Co.* v. *Panella,* 218 Cal. 510 [24 P.2d 163]; *Rottman* v. *Hevener,* 54 Cal.App. 474 [202 P. 329].)

The third cause of action sought recovery of wages in the amount of $14,625, being the exact amount claimed by plaintiff in the first and second causes of action as the value of

his pension rights. Being obviously founded upon the facts alleged in the first and second causes of action the third cause of action must also fall. (*Neal* v. *Bank of America*, 93 Cal. App.2d 678, 681 [209 P.2d 825].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.