[Civ. No. 15929. First Dist., Div. Two. Sept. 20, 1954.]

CHARLES R. MORRIS, Appellant, v. PHIL HARRIS, Respondent.

Lawrence Sledge for Appellant.

Pierre A. Fontaine for Respondent.

DOOLING, J.—This is an action to recover liquidated damages for the breach of a contract designated by the parties a lease. Appellant, who was engaged in the business of furnishing janitorial services, purported to lease to respondent certain named clients of appellant, each party to the contract to receive a certain proportion of the consideration paid by said "clients" for the janitorial services rendered to them. The court found that the contract was in fact one of employment of respondent by appellant. This finding of the court is not attacked on appeal.

The provision of the contract allegedly breached by respondent reads:

"It is hereby agreed by and between the parties hereto that it would be extremely difficult to ascertain damages in the event of a breach of this contract by lessee, and lessee agrees that in the event he should solicit for himself, or accept for himself without solicitation, individually any of the clients of lessor within a period of ten years from the date hereof that he will be liable in damages in the sum of Twenty ($20.00) dollars a month for each and every month he works for each of said, or such clients as and for liquidated damages for the breach of this agreement."

Respondent left appellant's employment and thereafter did janitor services for certain "clients" named in the contract. The court found that respondent had not solicited employment by these "clients" but that they had voluntarily employed him without solicitation. The court held that under the facts found to enforce the quoted provision of the contract

would contravene Business and Professions Code, section 16600, which provides:

"Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

It is not claimed that the case falls within any of the exceptions mentioned in section 16600.

Appellant does assert that the agreement not to "accept for himself . . . any of the clients of lessor" is only a restriction and not a restraint. It is a partial restraint on respondent's right to engage in a "lawful . . . trade or business" and the courts have held that: "The statute makes no exception in favor of contracts only in partial restraint of trade." (*Chamberlain* v. *Augustine,* 172 Cal. 285, 289 [156 P. 479]; *Morey* v. *Paladini,* 187 Cal. 727, 738 [203 P. 760]; *Davis* v. *Jointless Fire Brick Co.,* 300 F. 1, 3.)

Equity recognizes a fiduciary duty of an employee after leaving employer's service not to take an unfair advantage of trade secrets and customers' lists. It seems reasonable that to the extent of this rule the parties may implement it by contract. But the rule does not cover the services of a janitor who after leaving the employer's service accepts employment from the employer's customers without solicitation on his part. (*Aetna Bldg. Maintenance Co.* v. *West,* 39 Cal. 2d 198, 204 [246 P.2d 11].)

Under a statute similar to ours the Oklahoma Supreme Court has held that an employee's contract with an employer not to engage in competition with him after leaving his service contravenes the statute. (*E. S. Miller Laboratories, Inc.* v. *Griffin,* 200 Okla. 398 [194 P.2d 877, 3 A.L.R.2d 519].) Our own statute was similarly construed by the federal court in *Davis* v. *Jointless Fire Brick Co., supra,* 300 F. 1.

Appellant cites cases from jurisdictions having no statute similar to ours. They can be of no assistance in construing our statute.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.