L. A. No. 27435. In Bank. Jan. 19, 1965.]

MICHAEL B. MUGGILL, Plaintiff and Appellant, v. THE
REUBEN H. DONNELLEY CORPORATION, Defend-
ant and Respondent.

Eugene Kelly for Plaintiff and Appellant.

O'Melveny & Myers, Maynard J. Toll, Philip F. Westbrook, Jr., and Richard E. Sherwood for Defendant and Respondent.

TRAYNOR, C. J.—Plaintiff appeals from an adverse judgment in an action for declaratory relief to establish his right to reinstatement in the employees' retirement plan of defendant corporation.

Plaintiff left defendant's employ on July 1, 1960, after meeting all the requirements for benefits under the retirement plan. On October 24, 1960, he went to work for a competitor of defendant. On December 5, 1960, the retirement committee that administers the plan notified plaintiff that his rights to receive payments had been terminated pursuant to section 2 of article five of the plan on the ground that he had entered the employ of a competitor.[1] Plaintiff then brought this action against the corporation, the members of the retirement committee, and the trustee that disburses the funds under the plan, seeking a declaration that he was entitled to reinstatement on the ground that the section invoked by the retirement committee was against public policy and unenforceable. The trial court held that it was valid. The court also held that the members of the retirement committee and the trustee were indispensable parties (see Code Civ. Proc., § 389) over whom it had no jurisdiction. It therefore entered judgment for the defendant.

The trial court correctly concluded that it did not have personal jurisdiction over the members of the retirement committee or over the trustee, a foreign corporation. They were not residents of this state, and plaintiff's service of summons by publication (Code Civ. Proc., §§ 412, 413) did not give the court personal jurisdiction over them. (Code Civ. Proc., § 417; see *Atkinson* v. *Superior Court*, 49 Cal.2d

[1] The section provides: ''The Annuity payments to any retired Employee shall be suspended or terminated in the event such retired Employee at any time enters any occupation or does any act which, in the judgment of the Retirement Committee or of an Employer, is in competition with any phase of the business of any Employer.''

338, 346 [316 P.2d 960].) Section 417 does not preclude securing personal jurisdiction over a foreign corporation doing business in this state by service of process pursuant to section 411 of the Code of Civil Procedure, but since plaintiff did not serve the trustee pursuant to that section, we need not decide whether it was doing business in this state in acting as trustee of a pension plan covering California employees.

Plaintiff contends that the members of the committee and the trustee are not indispensable parties. "A person is an indispensable party to an action if his absence will prevent the court from rendering any effective judgment between the parties or would seriously prejudice any party before the court or if his interest would be inequitably affected or jeopardized by a judgment rendered between the parties." (Code Civ. Proc., § 389.) Care must be taken to prevent this rule of fairness in procedure from imposing a "burdensome requirement which may thwart rather than accomplish justice." (*Bank of California* v. *Superior Court*, 16 Cal.2d 516, 521 [106 P.2d 879].) If we were to hold that the committee members and the trustee were indispensable parties, corporations could evade their obligations under retirement plans merely by naming nonresidents as members of the committee and as trustee. Indeed such a ruling would prevent plaintiff from obtaining relief in this case.

Neither the trustee nor the committee members are indispensable parties. An effective judgment ordering plaintiff's reinstatement under the plan and declaring section 2 of article five unenforceable can be rendered against the corporation alone

The retirement committee need not be separately joined for an effective judgment. In suspending plaintiff the committee acted as an agent of the corporation, which holds the ultimate authority. The committee members, appointed by the corporation, serve without compensation and at the pleasure of the corporation. A judgment against the corporation effectively binds the committees that act on its behalf. Thus, in an action to compel the declaration of dividends, a judgment against the corporation alone is effective, for the members of the board of directors are not indispensable parties. (*Doherty* v. *Mutual Warehouse Co.*, 245 F.2d 609, 612; *Kroese* v. *General Steel Castings Corp.*, 179 F.2d 760, 763-765 [15 A.L.R.2d 1117], cert den. 339 U.S. 983 [70 S.Ct. 1026, 94 L.Ed. 1386]; *Whittemore* v. *Continental Mills*, 98 F.Supp. 387, 391; contra, *Schuckman* v. *Rubenstein*, 164 F.2d 952.

957-958, cert. den. 333 U.S. 875 [68 S. Ct. 905, 92 L.Ed. 1151].) Likewise, the president or secretary need not be joined in an action against the corporation to compel the execution and delivery of a stock certificate. (*Hertz* v. *Record Publishing Co.*, 219 F.2d 397, 400, cert. den. 349 U.S. 912 [75 S.Ct. 601, 99 L.Ed. 1247]; see *Tregear* v. *Etiwanda Water Co.*, 76 Cal. 537 [18 P. 658, 9 Am.St.Rep. 245].) Moreover, the corporation and the committee have concurrent power to terminate payments under section 2 of article five and, presumably, would also have concurrent power to reinstate.

Similarly, the trustee need not be separately joined. Under the plan it merely disburses funds and does so "only at the time, in the amount, and in the manner directed in written directions received by the Trustee from the Retirement Committee." (Retirement Trust, article five.) A judgment affecting corporate policy would determine what the trustee will be told, and it "may follow such instructions without question." (Retirement Trust, article five.) We cannot presume that it will refuse to do so.

We therefore find no justification for holding that the trustee or the committee members are indispensable parties. The corporation, as the party before the court, will not be prejudiced by a judgment, since it has authority to control the actions of the nonparties. Their interests will not be inequitably affected, because they have no personal interest at stake and can safely follow the judgment. Accordingly, we reach the merits.

 With certain exceptions not relevant here, section 16600 of the Business and Professions Code provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." This section invalidates provisions in employment contracts prohibiting an employee from working for a competitor after completion of his employment or imposing a penalty if he does so (*Chamberlain* v. *Augustine*, 172 Cal. 285, 288 [156 P. 479]; *Morris* v. *Harris*, 127 Cal.App.2d 476, 478 [274 P.2d 22]; *Davis* v. *Jointless Fire Brick Co.*, 300 F. 1, 4), unless they are necessary to protect the employer's trade secrets (*Gordon* v. *Landau*, 49 Cal.2d 690, 694 [321 P.2d 456]). Since the pension plan becomes part of the contract of employment (see *Bos* v. *United States Rubber Co.*, 100 Cal.App.2d 565, 568 [224 P.2d 386]), such provisions

therein are also invalid. Thus, in *Chamberlain* v. *Augustine, supra,* 172 Cal. 285, 288, which involved a sale of stock by a retiring employee, this court held invalid an agreement to pay liquidated damages to the purchasers if the employee worked for a competitor. The court reasoned that the agreement "imposes upon him a liability in the sum of five thousand dollars if he does engage in such business. If the contract is valid, he is not as free to do so as he would have been if he were not bound by it. To the extent that the necessity of paying five thousand dollars deters him from engaging therein, he would be restrained." Similarly, in this case, the provision forfeiting plaintiff's pension rights if he works for a competitor restrains him from engaging in a lawful business and is therefore void. In view of the settled interpretation of section 16600, cases from other jurisdictions cited by defendant are not persuasive.

The judgment is reversed.

Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Ashburn in the opinion prepared by him for the District Court of Appeal (*Muggill* v. *Reuben H. Donnelley Corp.* (Cal.App.) 39 Cal.Rptr. 753).