**John A. GRAHAM, Plaintiff,**

**v.**

**HUDGINS, THOMPSON, BALL AND AS-SOCIATES, INC., an Oklahoma Corporation, and the First National Bank and Trust Company, a National Banking Association, and Trustee of the Hudgins, Thompson, Ball and Associates, Inc. Employees' Profit Sharing Retirement Plan Trust, Defendants.**

**Civ. No. 70–C–220.**

United States District Court,
N. D. Oklahoma.

Nov. 23, 1970.

---

William C. Anderson of Doerner, Stuart, Saunders, Daniels & Langenkamp, Tulsa, Okl., for plaintiff.

A. P. Murrah, Jr., of Andrews, Mosburg, Davis, Elam, Legg & Kornfeld, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Defendants move for dismissal of Plaintiff's Complaint for failure to state a cause of action. Plaintiff was employed by Defendant Hudgins, Thompson, Ball and Associates, Inc. (HTB) and participated in its Employee Profit Sharing Retirement Plan (Plan), which is administered by Defendant The First National Bank and Trust Company of Oklahoma (FNB) as trustee under the Plan. The Plan contains a provision stipulating that should an employee leave HTB to accept employment with a local competitor of HTB, then the employee's rights in the Plan are forfeited and the accumulated sums standing in his name are redistributed among all of the remaining participants in the Plan. It appears that this Plan is of the noncontributory type, that is, no contribution is made by any employee, and no distributions to participants of the Plan are made until after their employment with HTB terminates by reason of death, retirement or resignation or discharge under certain conditions.

Plaintiff's first claim is based on 15 U.S.C.A. § 1 and § 15 and certain Oklahoma statutes relating to unlawful restraint of trade and unlawful contracts. As there is no diversity of citizenship between the parties in this case, the Federal claims also form the basis for Plaintiff's jurisdictional allegations as well. Three other claims stated by Plaintiff originate under state law.

Defendants contend that Plaintiff has failed to state a federal claim on which relief may be granted. Defendants rely on Austin v. House of Vision, 404 F.2d 401 (7th Cir. 1969), which they claim was decided adverse to the position of the Plaintiff herein on facts virtually identical to those alleged by Plaintiff. Plaintiff, in briefs, seems to tacitly admit the force of this decision, but contends that this Court should consider the adoption of the rule set out in Muggill v. Reuben H. Donnelley Corporation, 62 Cal.2d 239, 42 Cal.Rptr. 107, 398 P.2d 147, 18 A.L.R.3d 1241 (1965). There are important differences in the two cases. The Austin case was concerned with the application of the federal antitrust laws to a profit sharing plan under which the amounts claimed by the employee had been contributed entirely

by the employer as is the case here. In the Muggill case, the controversy involved the application of a California State statute to a pension plan in which the employee's rights had vested by reason of his retirement. As the jurisdiction of this Court is dependent upon an actionable violation of the federal antitrust laws, the Court is vitally concerned with the federal antitrust laws and not alleged violations of state statutes. Also, under the Plan here in controversy, there appears to have been no vesting of the Plaintiff's interest in the funds of the Plan.[1] Thus, the employer's action in Muggill in terminating the employee's vested retirement benefits because of his acceptance of employment with a competing firm is markedly different from HTB's action here in refusing to pay Plaintiff funds in which no rights had vested in him.

The issue of primary importance to the Court is whether Plaintiff has stated a claim arising under 15 U.S.C.A. § 1 and § 15 as pleaded. In the Austin case, the court held proper the trial court's dismissal of a claim laid under 15 U.S.C.A. § 1 and § 15, but it also considered the antitrust laws generally. In its decision, the court stated that the employee had failed to make any showing of a per se violation of the "antitrust laws" or of a contract, combination or conspiracy between the employer and the trustees of the plan. The court observed that the trustees' duties were limited to administration of the plan, they were not engaged in the employer's business nor were they competitors of the employer. This is precisely the situation here.

Plaintiff's Complaint does not allege any of the traditional per se violations of 15 U.S.C.A. § 1, that is, it does not allege the existence of price fixing, tying arrangements, boycotts, division of markets or reciprocal dealings. See 1 Von Kalinowski, Antitrust Laws and Trade Regulations, Section 6.02[3], pp. 6–93 to 6–123. Even if the contract by which FNB as trustee agreed to administer the Plan could be regarded as a type of contract contemplated by 15 U.S.C.A. § 1, it is clear that FNB is not an active participant in any agreement to restrain trade in the market for Plaintiff's services. As trustee, it can only do that which HTB as settlor of the trust has prescribed and takes no active part whatsoever in the denial of payment of amounts contributed wholly by HTB to the Plan. That determination is made wholly by HTB, according to the tenor of exhibits 2 and 3 attached to Plaintiff's Complaint. It seems to the Court that under the arrangement here presented, the "plurality of actors" required by the "contract, combination or conspiracy" provisions of 15 U.S.C.A. § 1 has not been asserted. See 1A Von Kalinowski, Antitrust Law and Trade Regulations, Section 6.01[2], pp. 6–9 to 6–12.

Plaintiff argues that at the very least, the disputed forfeiture provision of the Plan constitutes a covenant not to compete, the reasonableness of which must be reviewed by this Court in a trial on the merits. Covenants not to compete are traditionally a type of restraint which may be found reasonable or unreasonable under the circumstances of the particular case. See United States v. Addyston Pipe & Steel Co., 85 F. 271 at page 281 (6th Cir. 1898), mod. and aff'd 175 U.S. 211, 20 S.Ct. 96, 44 L.Ed. 136. However, in order to review the reasonableness of a restraint, there must first exist restraint and none seems to appear among Plaintiff's allegations. The trade alleged to be affected is the market which exists for Plaintiff's services. However, the only restraint that

---

1. By the terms of the Plan, an employee's undivided share of the Plan is subject to redistribution until specified conditions of termination of employment are satisfied. Plaintiff does not allege that he has met any of these conditions. Thus, Plaintiff's interest in the Plan has not vested.

appears to be imposed on Plaintiff is that of his desire for payment of his inchoate share of the funds of the Plan. Plaintiff makes no claim that this forfeiture provision coerces any prospective employer into not hiring him. There is nothing in the Complaint to indicate that prospective employers are discouraged in any way from competing for Plaintiff's services. The Court is unable to perceive how Plaintiff's failure to receive certain claimed benefits from his former employer restrains others from competing for his services. This very same situation was present in the Austin case.[2]

In summary, Plaintiff's Complaint fails to plead a contract, combination or conspiracy between two or more persons, to plead any per se violation of the federal antitrust laws or to plead any restraint of trade in the market for his services. Inasmuch as no federal claim is presented by Plaintiff, the Court should dismiss his Complaint upon jurisdictional grounds. According to United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218, the Court has the power to retain a case on its non-federal aspects, however, that case also indicated that the exercise of such power is discretionary and ordinarily a case in which only state law claims are present should not be retained. None of the considerations discussed by the Supreme Court in United Mine Workers of America v. Gibbs, supra, which would support retention of this case are present and the Court in its discretion declines to do so.

Defendants' Motion to Dismiss is granted and Plaintiff's Complaint is dismissed.

---

2.  In Austin v. House of Vision, Inc., supra, 404 F.2d at p. 403, the court said,
    "We find no showing of injury to the public or to the plaintiff. Plaintiff has been fully able to compete as evidenced by his freedom of choice in immediately obtaining similar employment with a competitor in the same neighborhood. There is no complaint by a business competitor that it was unable to hire optical employees as a result of any practice engaged in by defendant."
    Indeed, were Plaintiff's contentions to be adopted, one could conceivably argue that payment of a high salary constitutes an unlawful restraint on trade if it tends to prevent an employee from quitting to seek other employment.