John A. GRAHAM, Appellant,

v.

HUDGINS, THOMPSON, BALL AND ASSOCIATES, INC., an Oklahoma Corporation, et al., Appellees.

No. 45560.

Supreme Court of Oklahoma.

Sept. 16, 1975.

Doerner, Stuart, Saunders, Daniel & Langenkamp, William C. Anderson, R. Thomas Seymour, Lawrence T. Chambers, Jr., Tulsa, for appellant.

Gable, Gotwals, Hays, Rubin & Fox, John B. Johnson, Jr., Richard W. Gable, Tulsa, for appellees.

DOOLIN, Justice.

Plaintiff who had been employed by the defendant corporation as an architect worked for the defendant for over six years. In addition to his wages, plaintiff was entitled to and elected to share in an Employee Profit Sharing Plan which provided among other things, that an employee would receive from the trust funds therein provided, 10% of the account after completing four years service, 20% after five years service, 30% after six years service and so on until at the completion of thirteen years the employee would be entitled to 100% of such funds.

All contributions made to the Profit Sharing Plan were paid by the employer and administered by the bank from its trust department.

In addition to the provisions outlined above and certain others not germane to the issues herein presented, the Profit Sharing Plan provided that if the plaintiff terminated employment in order to work for a competitor then no benefits of any kind would be paid to such employee.

In 1968, plaintiff terminated his employment and went to work for a competitor. Plaintiff made demand of the employer defendant of his 30% retirement benefits account which was refused and this action resulted.

We must decide if the denial of benefits to the plaintiff under the Employment Benefit Plan violates 15 O.S.1971 § 217.[1]

■ We find that it does, for in our opinion § 217 declares a contractual provision void which restrains an individual from exercising a lawful profession, trade or business of any kind. We would circumvent the expressed provisions of the statute if we held that the individual is free to accept competitive employment but that he thereby foregoes benefits attributable to his earned wages and tenure. Courts in other jurisdictions hold to the extent that an individual employee loses those benefits by reason of the contractual provision, he is unquestionably restrained. The California Supreme Court in construing a contract requiring forfeiture of benefits in the event of termination and subsequent competitive employment, under an exact statutory prohibition, (Sec. 1673 of the Calif. Civil Code), held that ". . . To the extent that the necessity of paying $5,000 deters him (employee) from engaging therein, he would be restrained." *Chamberlain v. Augustine*, 172 Cal. 285, 156 P. 479 (1916). This construction is followed in the subsequent California cases *Muggill v. Reuben H. Donnelley Corporation*, 62 Cal.2d 239, 42 Cal.Rptr. 107, 398 P.2d 147; 18 A.L.R.3d 1241 (1965), construing a later analogous California statute[2]; *Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 20 Cal.App.3d 668, 97 Cal.Rptr. 811 (1971), and, *Ware v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 24 Cal.App.3d 35, 100 Cal.Rptr. 791 (1972). The Florida case of *Flammer v. Patton*, 245 So.2d 854 (Fla.1971) relies on California and Oklahoma in construction of a similar Florida Statute regarding contrac-

1. 15 O.S.1971 § 217 reads as follows:
" * * * Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void."
The "next two sections" referred to are 15 O.S.1971 §§ 218 & 219, read as follows:
§ 218: "One who sells the good-will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or part thereof, so long as the buyer, or any person deriving title to the good-will from him carries on a like business therein."
§ 219: "Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof."

2. The present but still analogous California restraint of trade statute is § 16600 of that State's Business and Professions Code which reads as follows:
§ 16600: "Except as provided in this chapter, every contract by which anyone is restrained frrom engaging in a lawful profession, trade, or business of any kind is to that extent void."
The other relevant sections referred to in § 16600 are §§ 16601 & 16602; both are distinctly analogous to 15 O.S.1971 § 218 & 219, and read as follows:

§ 16601: "Any person who sells the good-will of a business, or any shareholder of a corporation selling or otherwise disposing of all his shares in said corporation, or any shareholder of a corporation which sells (a) all or substantially all of its operating assets together with the goodwill of the corporation, (b) all or substantially all of the operating assets of a division or a subsidiary of the corporation together with the goodwill of such division or subsidiary, or (c) all of the shares of any subsidiary, may agree with the buyer to refrain from carrying on a similar business within a specified county or counties, city or cities, or a part thereof, in which the business so sold, or that of said corporation, division, or subsidiary has been carried on, so long as the buyer, or any person deriving title to the goodwill or shares from him, carries on a like business therein. For the purposes of this section, "subsidiary" shall mean any corporation, a majority of whose voting shares are owned by the selling corporation."
§ 16602: "Any partner may, upon or in anticipation of a dissolution of the partnership, agree that he will not carry on a similar business within a specified county or counties, city or cities, or a part thereof, where the partnership business has been transacted, so long as any other member of the partnership, or any person deriving title to the business or its goodwill from any such other member of the partnership, carries on a like business therein."

tual provisions in restraint of trade (Fla. Stat. § 542.12, F.S.A.) and states:

"We find it indefensible for respondents to contend that petitioner was free to accept any employment he chose, so long as he was willing to surrender the benefits earned as a result of more than thirty (30) years' service to Beneficial. What greater restraint can there be on a retiree than the spector of withheld pension benefits?"

See also the Wisconsin case of *Holsen v. Marshall & Ilsley Bank,* 52 Wis.2d 281, 190 N.W.2d 189 (1971), where that court, in reliance on the earlier Wisconsin case of *Union Central Life Ins. Co. v. Balistrieri,* 19 Wis.2d 265, 120 N.W.2d 126 (1963), concludes that a similar non-competition provision in an employment contract is invalid under a restraint of trade statute similar to that of Oklahoma (W.S.A. 103.-465). We find these authorities persuasive.

 It is suggested that the federal decision finding no violation of the Federal antitrust provisions involving the same parties and the same general fact situation is controlling: *Graham v. Hudgins, Thompson, Ball & Associates, Inc.,* 319 F.Supp. 1335 (N.D.Okl.1970). That decision attempted only to interpret federal law, it did not attempt to decide if the contractual provision in question constituted a violation of state law. The Federal Act is aimed primarily at preventing monopolistic practice by individual or corporate entities in the market place. The State Act has as its purpose prohibition of personal restraints on individual employment effecting the right to act freely and under no penalty or loss.

We thus conclude that the similar federal case is neither applicable or controlling upon us in rationale or result. Apparently, the learned judge felt the same way for, although recognizing that the Federal Court could retain the case and decide this state question under the holding in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218, he declined to do so.

The defendant contends there is a decided difference in the rights of an employee under an employment contract and a voluntarily conferred employer gratuity such as the Employees Pension Plan under consideration. Defendant argues that putting the employee to the choice of continuing employment or loss of pension rights creates no restraint under 79 O.S.1971 §§ 1 & 3 or 15 O.S.1971 § 217, and does not effect his right to continue with a professional career in architecture. See such cases as *Austin v. House of Vision, Inc.,* 404 F.2d 401 (7th Cir. 1969); *Golden v. Kentile Floors, Inc.,* 344 F.Supp. 807 (N.D.Ga.1972); & *Rochester Corporation v. Rochester,* 450 F.2d 118 (4th Cir. 1971).

 To us a more acceptable view of individual employment and pension rights is found in *Cantor v. Berkshire Life Ins. Co.,* 171 Ohio St. 405, 171 N.E.2d 518 (1960):

"The concept of employees' rights and of the place of the so-called fringe benefits in relationship to employees' remuneration has undergone a substantial change in recent years.

"Due perhaps to the increased span of life, retirement benefits have assumed a more important role in the consideration of an employee when he accepts employment. Management has recognized this fact and, to encourage career service and to minimize labor turnover which is so costly to industry, has inaugurated retirement programs in addition to Social Security. Some of these programs are supported by joint contributions of the employer and the employee, whereas others, as an inducement to career employment, are supported entirely by the employer.

"When pension programs first came before the courts, pensions were construed primarily as mere gratuities by the employer, subject completely to the will of the employer. Later, as contributing pension systems arose, a distinction

was drawn between the contributing and the noncontributing types of plan, the first being held to be a vested right, whereas the latter continued to be construed as a mere gratuity on the part of the employer which could be withdrawn at any time.

"There has been, however, in recent years a gradual trend away from the gratuity theory of pensions. The courts, recognizing that a consideration flows to an employer as a result of such pension plans, in the form of a more stable and a more contented labor force, have determined that such arrangements will give rise to contractual rights enforceable by the employee who has complied with all the conditions of the plan, even though he has made no actual monetary contribution to the fund. See annotation, 42 A.L.R.2d 467.

\* \* \* \* \* \*

"A retirement program has become a basic part of an employee's remuneration even as his wages are a part thereof, and a consideration flows to the employer as well as to the employee through such a program." 171 N.E.2d at 520, 521, 522.

See annotation at 18 A.L.R.3rd 1246; and the authorities and theories discussed in 61 N.W.U.Law Rev. 290, Forfeitures of Pension Benefits for Violation of Covenants not to Compete;" cf. *Murphy v. P. J. Reynolds Tobacco Co.,* 260 Iowa 422, 148 N. W.2d 400 (1967).

Our own decision in *Farren v. Autoviable Services, Incorporated,* 508 P.2d 646 (1973) held: "Under Oklahoma Law contractual provisions restraining competition are generally void as contrary to public policy." This case, distinguishable in fact is none the less controlling in principal and points to our adoption of the Ohio approach, *Cantor v. Berkshire Life Ins. Co.,* supra.

We express no opinion as to the applicability of 79 O.S.1971 §§ 1, 3 & 25, not only does this court not render advisory opinions, but we are not required under the briefs as submitted to pass on this question, nor is there an evidentiary question presented at this time.

Trial Court reversed, plaintiff's petition and cause of action reinstated for further proceedings.

WILLIAMS, C. J., and BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., and DAVISON and IRWIN, JJ., dissent.