SHIPLEY COMPANY, L.L.C., Plaintiff,

v.

Alan E. KOZLOWSKI and Sumitomo
Chemical America, Inc.,
Defendants.

Civil Action No. 96–10388–EFH.

United States District Court,
D. Massachusetts.

May 29, 1996.

Laurence H. Reece, III, Heidlage &
Reece, Boston, MA, for Shipley Company,
L.L.C.

Nathan L. Kaitz, Allison B. Kaplan, Morgan, Brown & Joy, Boston, MA, for Alan E.
Kozlowski.

Steven M. Swirsky, Marks & Murase, New
York City, Mark E. Schreiber, Peter F. Trotter, Gadsby & Hannah, Boston, MA, for
Sumitomo Chemical America, Inc.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on
the Plaintiff's, Shipley Company, L.L.C., Motion for a Preliminary Injunction against the
Defendant, Alan Kozlowski. The defendant
worked for the plaintiff for more than thirteen years in the photoresist industry. This

industry, which has a world market of approximately $500 million, is highly competitive with relatively few companies competing against each other. Due to the competitive nature of this type of business, at the commencement of his employment with the plaintiff, the defendant was given an Employment Agreement to which he signed in Massachusetts. In accordance with the terms of the Agreement, the defendant agreed not to work for a competitor of the plaintiff's for a period of one year following the end of his employment with the plaintiff. The Agreement also contained a non-disclosure provision which prohibited the defendant from ever divulging any confidential information regarding the plaintiff's company. On February 26, 1996, the defendant informed the plaintiff that he was resigning and would be going to work for a competitor of the plaintiff's, Sumitomo Chemical America, Inc. Because the Defendant Kozlowski breached the Employment Agreement, the plaintiff seeks to enjoin and restrain the defendant (1) from working for or being employed by Sumitomo Chemical America, Inc., a direct competitor of the plaintiff, until February 26, 1997, (2) from disclosing or using any trade secrets or confidential information of the plaintiff's, including, without limitation, information regarding the plaintiff's production processes and materials, formulae, research techniques or accomplishments, customers, suppliers, price lists and the business strategies and business plans of the plaintiff, and (3) from failing to promptly return to the plaintiff all the materials that the defendant received from the plaintiff. For the following reasons, the Court hereby grants the plaintiff's Motion for a Preliminary Injunction.

■ In order to grant a preliminary injunction, the burden is on the plaintiff to show "(1) that the plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction." *Jackson v. Fair*, 846 F.2d 811, 814–15 (1st Cir.1988). The plaintiff has met this burden.

The Plaintiff, Shipley, will suffer irreparable injury if the injunction is not granted because the plaintiff does not have an adequate remedy at law. If confidential information is allowed to be revealed, the damage will have already occurred. There is no way to assess the amount of loss that the plaintiff will sustain due to the dissemination of this highly confidential material. Similarly, with regard to the non-competition clause, it would be almost impossible to measure the plaintiff's damage if the defendant is allowed to go to work for a competitor. As Chief Judge Tauro pointed out in a similar case, "the task of quantifying the consequences of violating a non-competition clause is a particularly difficult and elusive one." *Shipley Co., Inc. v. Clark*, 728 F.Supp. 818, 827 (D.Mass. 1990) (quoting *Kroeger v. Stop & Shop Companies, Inc.*, 13 Mass.App.Ct. 310, 432 N.E.2d 566, 573) (1982). Furthermore, if a preliminary injunction is not granted, enforcement of the non-competition clause will be circumvented. The clause forbids the defendant from competing for a one-year period; since the trial will occur after the one-year period has expired, the clause will no longer be enforceable.

The potential injury to plaintiff outweighs any harm which granting injunctive relief would inflict on the defendant. The Agreement protects the legitimate business interests of the plaintiff and is reasonable in scope and time. This type of restriction does not prevent the defendant from working in the chemical industry, it only forbids him from working for *competitors* of the plaintiff for a *one-year* period.

■ The plaintiff has exhibited a likelihood of success on the merits. In accordance with the choice-of-law provision in the Agreement, the "Agreement shall be construed both as to validity and performance and enforced in accordance with the laws of the Commonwealth of Massachusetts, without giving effect to the principles of conflict of law thereof." (Agreement, Paragraph 18). The Court shall apply Massachusetts law and rejects the defendant's argument that California law should apply. The Court recognizes that under Section 187(2)(b) of the Restatement (Second) of Conflict of Laws, a

**30**

Court must disregard a choice-of-law provision in an agreement if: (1) the other state involved has a fundamental policy against the non-compete agreement; (2) that state has a materially greater interest than the designated state in the determination of the issue of enforcement of the non-competition agreement; *and* (3) the other state's law would have applied in the absence of the choice-of-law provision in the employment agreement. *See Shipley,* 728 F.Supp. at 825.

The Court, however, finds that these three conditions have not been satisfied. California law does disfavor non-competition provisions, but California does not have a fundamental policy barring all non-competition clauses. The California Supreme Court addressed this issue stating that California Business and Professions Code, Section 16600 "invalidates provisions in employment contracts prohibiting an employee from working for a competitor after completion of his employment or imposing a penalty if he does so . . . unless they are necessary to protect the employer's trade secrets." *Muggill v. Reuben H. Donnelley Corp.,* 62 Cal.2d 239, 242, 42 Cal.Rptr. 107, 398 P.2d 147 (1965). Because trade secrets are in issue, this limited exception would apply.[1]

In addition, Massachusetts has a materially greater interest in the matter since the contract was executed in Massachusetts, the defendant worked in Massachusetts for two years and continues to have contact with the state through his employment, the plaintiff's principal place of business is in Marlborough, Massachusetts, one of the plaintiff's three manufacturing facilities is located in Massachusetts, and more than half of the plaintiff's employees work in Massachusetts. Based on these same facts, absent a choice-of-law provision in the contract, Massachusetts law would still apply.

Non-competition agreements are enforceable in Massachusetts if they protect a legitimate business interest and are reasonable in scope. The defendant violated the non-competition provision of the Agreement by accepting employment with a competitor of the plaintiff's within one year of his termi-

nation from the plaintiff's company. Furthermore, within days of leaving the plaintiff's company to work for a competitor, the defendant suspiciously accessed and copied confidential information from the plaintiff's computerized data base. The plaintiff believes that the defendant intends to use and disseminate this information while employed with the competitor company. This behavior violates the non-disclosure provision of the Agreement, and thus, entitles the plaintiff to injunctive relief.

Finally, the public interest will be served by granting the preliminary injunction. It is in society's best interest to recognize and enforce agreements which were voluntarily entered into and accepted. Allowing an individual to disregard such a promise would result in behavior which should not be condoned or encouraged.

For the above reasons, the Court hereby grants the Plaintiff's Motion for a Preliminary Injunction against the Defendant, Alan Kozlowski.

**SO ORDERED.**

---

![ ]

1. The defendant explicitly stated that he would not oppose the plaintiff's motion for a preliminary injunction which seeks to restrain the defen-

dant from disclosing or using any trade secrets or confidential information.