**William C. ALLDREDGE, Appellant,**

v.

**The CITY NATIONAL BANK AND TRUST CO. OF KANSAS CITY, and Seavey & Flarsheim Brokerage Company, Inc., Respondents.**

**No. 55265.**

Supreme Court of Missouri,
Division No. 2.

May 10, 1971.

As Modified on Denial of Rehearing
June 14, 1971.

———◆———

Frederick Beihl, Kansas City, for appellant.

Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, of counsel.

George T. Morton, Jr., Kansas City, for respondent The City National Bank & Trust Company.

Watson, Ess, Marshall & Enggas, Kansas City, of counsel.

Robert B. Olsen, Kansas City, for respondent Seavey & Flarsheim Brokerage Company, Inc.

Fallon, Olsen, Talpers & Thompson, Kansas City, of counsel. ·

STOCKARD, Commissioner.

William C. Alldredge has appealed from an adverse result in his suit for a declaratory judgment that his interest in a profit sharing plan and trust agreement was not forfeited by reason of his entering into competitive business with the corporate successor of appellant's original employer.

From the pleadings and a stipulation of facts, upon which the case was submitted to the trial court, we shall set forth the circumstances giving rise to this action.

Appellant was employed for more than 35 years by Seavey & Flarsheim Brokerage Co., a Missouri corporation engaged in the food brokerage business in the midwestern part of the United Sttaes. He participated from 1943 to 1959 in a pension plan maintained by his employer. On July 1, 1959, appellant's employer adopted and put into force and effect, retroactively to November 1, 1958, a profit sharing plan and trust agreement, pursuant to which those employes who were participants in the pension plan were eligible to transfer their accrued interests in the pension plan to the profit sharing plan. Appellant exercised that right.

On January 17, 1966, the Hoosier Brokerage Corporation, an Indiana corporation, entered into an agreement with Seavey & Flarsheim Brokerage Co. whereby Hoosier Brokerage Corporation agreed to purchase the business and assets, other than accounts receivable, of Seavey & Flarsheim Brokerage Co. This agreement was approved on February 12, 1966 by the stockholders of Seavey & Flarsheim Brokerage Co. Although appellant was a stockholder he did not attend the meeting and did not vote on the proposal to approve and ratify the agreement of January 17. Employment with Hoosier Brokerage Corporation was offered to substantially all employes of Seavey & Flarsheim Brokerage Co., including appellant. In the meantime Hoosier Brokerage Corporation changed its name to Seavey & Flarsheim Brokerage Company, Inc. We shall hereafter refer to it as the "Buyer," and shall refer to Seavey & Flarsheim Brokerage Co. as the "Seller."

In the agreement for the sale to the Buyer it was provided that the Seller's profit sharing plan and trust agreement would be maintained by the Buyer, and on March 1, 1966, an amendment to the plan was executed to carry out this provision, the amendment providing, in substance, that the profit sharing plan and trust should continue in effect to the end that the rights and interests of the employes of the Seller should be preserved and protected to them in their status as employes of the Buyer. To accomplish this it was provided by amendment that the word "Company" as used in the profit sharing agreement "shall mean Seavey & Flarsheim Brokerage Company, Inc. [Buyer], and not Seavey & Flarsheim Brokerage Co. [Seller]."

On March 1, 1966, all of the employes, except appellant and one other, became permanent employes of the Buyer. It was stipulated that if appellant were to testify he would state that at no time did he agree to become an employe of the Buyer and that he repeatedly told the president of the Buyer that he would not become so employed but that his only agreement was to remain in his temporary capacity as manager of the St. Louis office until a replacement could be found. However, it was further stipulated that the president of the Buyer would testify that appellant entered into the employment of the Buyer on March 1, 1966, with the understanding between the parties that appellant was undecided whether he would remain permanently in such employment.

Appellant's employment with the Buyer was terminated at his request on March 26,

1966, and he then founded and commenced a business in the food brokerage field under the name of "Alldredge Brokerage Co." with its principal office at Kansas City, Missouri.

Paragraph 8.6 of the profit sharing plan provided that if a retired member (which term by definition in the agreement included plaintiff after his termination of employment) "shall be competing * * * with the Company without its written consent, * * * the separate trust set aside * * for the benefit of such Retired Member * * * shall * * * be forfeited * *." It is admitted that the activities of appellant in operating Alldredge Brokerage Co. constituted a business activity in competition with the Buyer. Based upon the stipulation of facts and the record before it, the trial court entered summary judgment for the defendants, the result of which was to declare that the interest of appellant (other than the sum transferred from the previously existing pension plan) in the profit sharing plan being operated by the Buyer was forfeited by reason of his competition with the Buyer.

On this appeal appellant asserts (1) that the profit sharing plan of the Seller had no provision for its continuance after the dissolution of the corporate entity of Seavey & Flarsheim Brokerage Co., and therefore the plan was terminated and its assets should be distributed; (2) the plan provided for forfeiture of an employe's interest only by reason of competition with Seavey & Flarsheim Brokerage Co., and he was found to have competed with an entirely different entity; (3) the judgment of the trial court results in an unauthorized broadening of the noncompetiton provisions to appellant's detriment because the Buyer operates in a much greater area than did the Seller; and (4) the noncompetition provisions are invalid and unenforceable because unlimited as to time and as to area.

Appellant cites only Prentice v. Williams, Mo.App., 324 S.W.2d 466 and Reddi-Wip, Inc. v. Lemay Valve Co., Mo.App., 354 S.W. 2d 913. Neither of these cases is particularly helpful. In the Prentice case the plaintiff sought an injunction to enforce an agreement not to engage in competitive business. In the Reddi-Wip case the plaintiff sought to enjoin the manufacture by defendant of certain products. Neither case presents the situation in this case. The Buyer does not seek to enjoin the competitive business operations of appellant. It, in effect, agrees that appellant may compete in business, but it seeks to enforce the provisions in the profit sharing plan that if appellant elects to engage in a competitive business, he thereby forfeits his interest in the profit sharing plan.

The Buyer relies primarily on Van Pelt v. Berefco, Inc., 60 Ill.App.2d 415, 208 N.E. 2d 858; Brown Stove Works, Inc. v. Kimsey, 119 Ga.App. 453, 167 S.E.2d 693, and cases cited in an annotation at 18 A.L.R.3d 1246. In the Van Pelt case, the noncontributory retirement plan of the employer provided for forfeiture of the accrued interest of former employe in the event of competitive activity. The assets of the company were sold to a newly formed corporation which assumed the obligations of the retirement plan. Plaintiff served briefly as the president of the new company, and then terminated his employment and entered into competition with the new company. His interest was declared forfeited, and this action was approved by the appellate court. In the Brown Stove Works case, the plaintiff terminated his employment and entered into competition, and the court approved the forfeiture of the accrued interest in a retirement plan. Neither of these cases, and none of those relied on in the annotation, present the precise factual situation of this case. Our understanding of appellant's position is that he never accepted employment on a permanent basis with the Buyer, and therefore did not ratify or accept the Buyer as the "company" with whom he would not compete; that he never agreed not to compete with the Buyer or if he did to sustain a forfeiture of his accrued interest in the profit sharing plan;

and by unilateral action the Seller and trustee of the trust could not amend the plan and trust to make the noncompetition provisions applicable between him and some corporate entity other than the Seller.

We note that there is no contention that the interest in the profit sharing plan which appellant seeks to protect by this action was not vested, subject only to the forfeiture provisions, or that the plan did not result in a contract enforceable by appellant.

■ Except where by statute noncompetition agreements such as that involved in this case are invalidated, see Muggill v. Reuben H. Donnelley Corp., 62 Cal. 2d 239, 42 Cal.Rptr. 107, 398 P.2d 147, 18 A.L.R.3d 1241, it is the general rule that the employer may provide as a part of a noncontributory profit sharing plan that a former employe's interest may be declared forfeited in the event of competitive activities. Such a provision is not invalid because it is unrestricted either as to time or area. The reasoning is that the former employe is not prohibited from engaging in such employment or activity, but may do so if he wishes. However, he may not, when the agreement calls for a forfeiture of interest by reason of competitive activities, be entitled to the benefits of a retirement plan to which he contributed nothing. See the cases cited in 18 A.L.R.3d 1246.

■ We agree with the position of appellant, as we have set it out above, provided he did not in fact ratify or accept the amendment to the plan to substitute the Buyer as the "company" by his accepting employment with the Buyer. However, the reason for plaintiff remaining in the employment of the Buyer is in dispute. It was stipulated that he would testify that he did so as a favor to the Buyer until a replacement could be found. In that event it cannot necessarily be held that he ratified or accepted the Buyer as the "company" with whom he would not compete. However, if his employment status was as would be testified to by the president of the Buyer, it would appear that this case would properly be ruled under the theory of Van Pelt v. Berefco, Inc., supra.

Under these circumstances summary judgment was improper, because "Summary judgment is authorized where, but only where, the 'pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" E. O. Dorsch Electric Co. v. Plaza Construction Co., Mo., 413 S.W.2d 167, 169; Civil Rule 74.04(c), V.A. M.R.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.