**Patrick Edwin GOLDEN, Jr.**

v.

**KENTILE FLOORS, INC. and Manufacturers Hanover Trust Company.**

**Civ. A. No. 14404.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 23, 1972.

See also D.C., 52 F.R.D. 386.

McClain, Mellen, Bowling & Hickman, Atlanta, Ga., for plaintiff.

Mitchell, Pate & Anderson, Atlanta, Ga., for Kentile Floors.

King & Spalding, Atlanta, Ga., and Kelley, Drye, Warren, Clark, Carr & Ellis, New York City, for Manufacturers Hanover Trust Co.

## ORDER

O'KELLEY, District Judge.

Kentile Floors, Inc., one of the defendants herein, is a New York domiciled corporation engaged in the business of manufacturing various floor covering products. Patrick Edwin Golden, Jr., plaintiff herein, is a former employee of Kentile. Manufacturers Hanover Trust Company, the other defendant herein, is Trustee under a Kentile profit sharing plan. Plaintiff's action alleges his rights to benefits under that Profit Sharing Plan. Hanover has moved the Court for summary judgment on the ground that no material facts are in dispute and that applicable legal principles demand the Court's determination of Hanover's absolution from liability at this point.

On January 1, 1953, defendant Kentile established the "Kentile, Inc. Profit Sharing Plan for Salaried Employees," which plan was amended on January 1, 1958 and remains unchanged since that

date. The Profit Sharing Plan briefly provides for an annual percentage contribution by Kentile to be calculated pursuant to various income accomplishments by the company for each year. The employees of Kentile are not required or permitted to make contributions. The Plan provides that eligibility for membership is dependent upon completion of three full years of continuous employment for male employees not more than 64 years of age and female employees not more than 61 years of age. The Plan provides for various levels of employment termination or retirement from which benefit payments will be allowable, as well as various methods of payment of those benefits. The Plan further provides that a member's share of the benefits will be forfeited if one of several events occur, one of those events being a subsequent employment relationship in an occupation or business determined to be in competition with Kentile.

The contributions and payments of the benefits under the Plan are to be held and controlled pursuant to a trust fund agreement entered into between Kentile and Hanover, the named Trustee under an "Agreement and Declaration of Trust." The basic principle of the agreement is that all of Kentile's contributions to the Plan are to be paid to Hanover, who is to act as Trustee for those funds under the trust agreement. In supervision of the Trustee's control of the funds, the Plan explicitly provides for a control board known as the "Profit Sharing Committee." The Committee has the power to completely control and determine the channels through which the funds travel in pursuit of a final destination. The ultimate recipient of the benefits is subjected to a scrutiny by the Committee, and that Committee's determination of entitlement to benefits is controlling upon the Trustee of the funds. In short, the Trustee has no voice in the decision of who is to receive the benefits. That entire decisional process is placed in the hands of the Committee members.

Plaintiff was an employee of Kentile Floors, Inc. for a period of approximately 20 years, from October 1949 until December 1969. In 1953 when Kentile established a profit sharing plan for salaried employees, plaintiff was eligible for membership. Since plaintiff was in Kentile's employment while the plan was in effect for about 17 years, he now alleges that he is due $28,701.12 in benefits. Plaintiff resigned from Kentile effective December 5, 1969. On December 17, 1969, he requested that the Committee pay to him in a lump sum his proportionate share of the trust fund held by Hanover. In April 1970, plaintiff was advised that he had violated the conditions of the Plan by entering the employ of Commander Carpet Mills, Inc. of Cartersville, Georgia, which the Committee considered a competitor. Plaintiff was advised that he would forfeit his share of the fund if he did not terminate his employment with Commander within five days. Plaintiff has brought this action to recover his alleged share of the fund after his refusal to resign from Commander was determined by the Committee to be a forfeiture.

There are three legal issues before this Court for consideration:

(1) Has the Trust Agreement itself been so erroneously constructed so that the Trustee is placed in the position of breaching a fiduciary duty if it complies with the instructions received from the "Profit Sharing Committee," the body to whom the Trust Agreement has delegated the administration of the Trust?

(2) Is the defendant, Hanover, such a party to the Trust Agreement so as to be considered a participant in a contract, combination, or conspiracy in violation of Section 1 of the Sherman Act?

(3) Is the defendant, Hanover, to be considered an "administrator" of the Plan so as to be liable under 29 U.S.C. § 308(b) for failure or refusal, upon the written request of a participant or beneficiary covered by such plan, to make publication to him within thirty days of such request?

810

In argument of the first issue, the plaintiff contends that the Trustee is in a fiduciary relationship with him as well as other beneficiaries of the trust fund. In such a relationship, the Trustee owes a fiduciary duty of care to fully protect the property interest of the beneficiaries which it holds in trust for their benefit. In so protecting that property interest, the Trustee has an obligation to oversee the beneficiaries' equitable interests; and if the Trustee determines that there is an abuse of discretion by the holder of the power over the trust, it must react in favor of the beneficiaries' best interest. In this light, the plaintiff argues that the Committee abused its discretion, and the Trustee was possessed with an obligation to oversee the Committee's decision and make its own determination concerning the rights of beneficiaries. In rebuttal to that argument, the Trustee contends that it was endowed with only such power as provided for in the trust agreement; and that the trust agreement explicitly states that the Trustee is to act only under the authorized direction of the Committee. The Trustee further contends that the trust agreement provisions are controlling, and those provisions do not contemplate a review of the Committee's decision.

The Court must agree with the Trustee's argument. The Restatement of the Law of Trusts clearly supports the Trustee's reasoning. The basic principle of Trust law found in the Restatement (Second) of Trusts § 4 (1957), p. 13, is appropriate:

"The phrase 'terms of the trust' . . . includes the manifestation of intention of the settlor at the time of the creation of the trust, whether expressed by written or spoken words or by conduct, to the extent that it is expressed in a manner which admits of its proof in judicial proceedings. *The terms of the trust may clearly appear from written* or spoken *words* or may be determined by interpretation of the words or conduct of the settlor in the light of all the circumstances. *The manifestation of intention of the settlor is the external expression of his intention* as distinguished from his undisclosed intention." [Emphasis added.]

In view of the reservation of power over the trust by a settlor, see the Restatement (Second) of Trusts § 37 (1957), p. 101; and more appropriately, in view of the power vested in the Committee by the settlor's apparent manifest intent, the language in the Restatement (Second) of Trusts § 37 (1957), p. 102, is applicable:

"b. Instead of reserving powers to himself, *the settlor may grant powers to* another who may be the trustee, a beneficiary, or *a third person* otherwise unconnected with the trust. *There is no specified number or kind of powers which may be so created. . . .*" [Emphasis added.]

The law as determines the powers of the Committee is seen in the Restatement (Second) of Trusts § 185 (1957), p. 395:

"If under the terms of the trust a person has power to control the action of the trustee in certain respects, the trustee is under a duty to act in accordance with the exercise of such power, unless the attempted exercise of the power violates the terms of the trust or is a violation of a fiduciary duty to which such person is subject in the exercise of the power."

These basic principles of trust law command the Court's decision that the restrictions placed on the Trustee by the settlor were a creator's vested right in giving birth to the trust. There is no limitation in manner or means by which a settlor can restrict his trust agreement; and if the power of authority is vested in a third party over and above the Trustee's power, that third party's decision is controlling. This Court can only uphold the obvious intent of the settlor, and the Trustee is bound to fol-

low the Committee's determination in absence of its breach of fiduciary duty. The terms of the trust agreement are unambiguous and clearly controlling in the Court's analysis of the first issue. The evidence does not reflect that the Trustee has breached any fiduciary duty in complying with the instructions handed down by the Committee.

As to the second issue, the plaintiff contends that the forfeiture provision of the Plan operates as an unreasonable restraint of trade; and that the Trustee, by knowingly assisting in the consumation of such Plan, is such a participant in the Plan so as to be in violation of Section 1 of the Sherman Act which prohibits a contract, conspiracy, or combination in restraint of trade. In opposition to this argument, the Trustee follows two cases seemingly identical factually, which adhere to the principle that a "passive" trustee who is inactive in the final determinations of the provisions under the trust agreement cannot be such a participant to qualify as a violator of Section 1 of the Sherman Act.

In the case of Austin v. House of Vision, Inc., 404 F.2d 401 (7th Cir.1968), a former employee, whose subsequent employment was determined to be competitive, sought to recover from his former employer and the trustees his rights to benefits under a benefit trust, alleging that the forfeiture provision was an unreasonable restraint of trade. In finding that the trustees could not be such a participant so as to be in violation of Section 1 of the Sherman Act, that Court said:

> "It is not clear how there could have been an actionable conspiracy by the trustees of the Fund; their duties were limited to the administration of the fund pursuant to its written provisions." (p. 403)

That Court held that an inactive Trustee cannot be a participant in a conspiracy in restraint of trade. The Trustee in the case, *sub judice*, cannot be part of a conspiracy in restraint of trade. It only acts under the direction of the Committee. Furthermore, it can hardly be said that a forfeiture provision in an employee's trust fund plan qualifies as a restraint of trade. Compelling one to select between benefits under the trust fund or future employment with a competitor of his former employer does not incumber or estop that competitor from seeking the skills of the former employee. This is an unfortunate crossroads at which the former employee may find himself, but it can hardly be interpreted as a restraint on competitors in that field of trade. See also, Graham v. Hudgins, Thompson, Ball and Associates, Inc., 319 F.Supp. 1335 (N.D.Okl. 1970).

As to the third issue, the plaintiff's contentions are without merit. The penalty referred to under 29 U.S.C. § 308(b) is assessable only against an "administrator" of a covered plan. The definition of "administrator" under 29 U.S.C. § 304(b) can by no stretch of the imagination contemplate the position held by the Trustee. The Committee is clearly the administrator of the trust and the only one to whom this liability may be attributable. In fact, there is no allegation that a request under the act was ever made to Hanover.

For the foregoing reasons, the Court finds as a matter of law that the Trustee is not liable to the plaintiff in the above-styled case. Defendant Hanover's Motion for Summary Judgment is hereby granted.

It is so ordered.