Argued January 9, reversed and remanded January 25, 1973

LAVEY, *Respondent, v.* EDWARDS ET AL, *Appellants.*

MOORE, *Respondent, v.* EDWARDS ET AL, *Appellants.*

BROWN, *Respondent, v.* EDWARDS ET AL, *Appellants.*

505 P2d 342

*Charles F. Hinkle,* Portland, argued the cause for appellants. With him on the briefs were Phillip D. Chadsey, and Davies, Biggs, Strayer, Stoel and Boley, Portland.

*William E. Tassock,* Portland, argued the cause for respondents. With him on the brief were Barzee, Leedy & Tassock, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

In these three cases plaintiffs seek to recover contributions made by their employer, Industrial Lumber Co., into a "Profit-Sharing Retirement Plan for Salaried Employees * * *." As affirmative defenses to these claims defendants, the trustees under that plan, allege that one of the provisions of that plan was that if an employee who participated in it "accepted employment with a competitor of the Employer, or established his own competing business * * * such participant's benefits shall be suspended or terminated, in whole or in part * * *." Defendants also alleged that these three plaintiffs were salaried employees employed as

"wood product traders"; that they voluntarily terminated their employment; that "shortly thereafter" plaintiffs Moore and Brown became officers, stockholders and employees of a direct competitor and that plaintiff Lavey became an employee of that competitor.

The plaintiff in each case demurred to this affirmative defense on the ground that such a "noncompetition" provision in a pension plan was void as a contract in restraint of trade and was therefore invalid and unenforceable as a matter of law. The trial court sustained that demurrer in each case. Judgments were entered in each case in favor of plaintiffs. Defendants appeal.

These cases present to this court for the first time the question of the validity of a provision in a noncontributory profit-sharing pension plan under which an employee's right to recover contributions by his employer for his benefit under such a plan may be forfeited in the event that he leaves his employment for employment by a competitor. More specifically, the question is whether such a provision is invalid and unenforceable as a matter of law, particularly if it is without limitation as to the time and territory of employment by the competititor.

Plaintiffs' primary contentions are: (1) that noncompetition clauses without limitation as to time and territory are void and unenforceable in Oregon as a matter of law and (2) that the effect upon an employee of the forfeiture of an economic interest such as a pension is even greater than the effect of a prohibition by injunction of employment by a competitor.

Defendants contend, on the contrary, (1) that reasonable limitation as to time and territory may be

"read into" noncompetition clauses that contain no such limitations and that such clauses may be enforced as so interpreted, and (2) that regardless of the validity or invalidity of such noncompetition clauses in employment contracts, provisions for the forfeiture of benefits under noncontributory profit-sharing pension plans when an employee accepts employment by a competitor are valid even though such clauses are without limitation as to time or territory.

1. *Noncompetition clauses without limitation as to time and territory are not void for that reason, but will be interpreted so as to be enforceable for a reasonable time and in a reasonable area.*

■■ It is elementary that although contracts in general restraint of trade are void and unenforceable, contracts in partial restraint of trade may be enforceable. It is also elementary that for this reason agreements not to compete must be limited in their application to a reasonable period of time and territory.[1] However, the rule that a noncompetition clause in an employment contract which does not include an express limitation in time and territory is for that reason completely void and unenforceable, as a matter of law, has now been rejected in many jurisdictions, as long advocated by Corbin and Williston.[2]

In accord with that view, this court in *Kelite Prod., Inc. v. Brandt et al*, 206 Or 636, 294 P2d 320 (1956), held (at p 652) that a noncompetition clause in an employment contract which includes no express limi-

[1] For cases in point see Annot., 41 ALR2d 15, 46 (1955), and Annot., 43 ALR2d 94, 130 (1955).

[2] 6A Corbin on Contracts 66-79, §§ 1390, 1391 (1962), and 14 Williston on Contracts (3d ed 1972) 111-12, § 1638.

tation as to time or territory will be interpreted, if possible, so as to make the extent and character of its operation reasonable.[9] Thus, in *Kelite,* this court held (at pp 654 and 655) that by the terms of the noncompetition clause in that case a limitation in application to a reasonable time and territory was necessarily implied.

■ Thus, unless plaintiffs are correct in their further contention that a different result should follow in cases involving noncompetition clauses in noncontributory pension plans, it must follow that the noncompetition clause involved in this case was not void and unenforceable as a matter of law because of its failure to include express limitations of time and territory.

2. *Whether a noncompetition clause in a noncontributory pension plan may constitute a reasonable or an unreasonable restraint of trade depends upon the facts and circumstances.*

■ In sustaining plaintiffs' demurrers to defendants' affirmative defenses, and thus holding that the noncompetition clause in this pension plan was void and invalid as a matter of law, at least as applied to these plaintiffs, the trial court cited and relied upon the view expressed in a law review comment entitled "Forfeiture of Pension Benefits for Violation of Covenants Not to Compete," 61 Nw U L Rev 290 (1966), in which it was contended (at p 299) that the effect upon employees is greater where the result of competition is the forfeiture of a vital interest such as a pension than where the reprisals are limited to injunctions and sometimes liquidated damages.

---

[9] Cf. Eldridge et al v. Johnston, 195 Or 379, 410, 245 P2d 239 (1952).

Plaintiffs have not, however, cited any cases in which appellate courts have adopted that view. Indeed, the only cases cited by plaintiffs involving noncompetition clauses in pension plans are cases from two states with statutes which, in broad terms, invalidate "every contract by which anyone is restrained from engaging in a lawful profession, trade or business," except as otherwise provided by such statutes. *Muggill v. Reuben H. Donnelley Corporation,* 62 Cal 2d 239, 42 Cal Rptr 107, 398 P2d 147 (1965), and *Flammer v. Patton,* 245 So 2d 854 (Fla 1971).[④]

In support of defendants' opposing contention that a provision in a noncontributory profit-sharing pension plan for the forfeiture of benefit by acceptance of competitive employment is valid, even though unrestricted as to time or territory, defendants cite and quote from several cases, including some more recent cases.[⑤] Most of these cases adopt the view that such a provision is not a prohibition on the employee engaging in competitive work, but is "merely" a denial of his right to participate in the pension plan if he does so engage and that the employee has a "choice" under

[④] In an annotation in 18 ALR3d 1246 (1968), these and some other cases are collected. According to that annotation (at p 1248), the courts had dealt with noncompetition clauses in pension plans in so few cases as of the date of that annotation that no attempt to state general rules relating to such matters was warranted at that time.

[⑤] Rochester Corporation v. Rochester, 450 F2d 118 (4th Cir 1971); Alldredge v. City National Bank and Trust Co. of Kansas City, 468 SW2d 1 (Mo 1971); Swift v. Shop Rite Food Stores, Inc., 83 NM 168, 489 P2d 881 (1971); Brown Stove Works, Inc. v. Kimsey, 119 Ga App 453, 167 SE2d 693 (1969); Van Pelt v. Berefco, Inc., 60 Ill App 2d 415, 208 NE2d 858 (1965); Kristt v. Whelan, 4 App Div 2d 195, 164 NYS2d 239 (1957), *aff'd* 5 NY2d 807, 181 NYS2d 205, 155 NE2d 116 (1958); Neuffer v. Bakery and Confectionery Workers Int. Union, 307 F2d 671, 113 US App DC 334 (1962); and Golden v. Kentile Floors, Inc., 344 F Supp 807 (ND Ga 1972).

which he may decide whether or not to engage in competitive work, which he is "free" to do even though, as a result, he may risk losing the benefits of a pension plan to which he has contributed nothing.[①]

The idea that under such forfeiture provisions an employee has a real "freedom of choice" has been strongly criticized upon the ground that even under noncontributory pension plans, benefit payments are no longer regarded as "gratuities," but as a contractual right to deferred compensation, and that these decisions ignore the inhibitory effect of such a forfeiture clause upon an employee in making the decision whether to accept a new job, in that ordinarily the new employment will not compensate him for the loss of the pension, which may represent a substantial portion of what he must depend upon when he retires and which he cannot risk by competing. See Note, 50 Cornell L Q 672, 676-7 (1965). See also Koehn and Ptacek, Employer Protection Against Loss of the Key Employee, 57 Iowa L Rev 75, 88 (1971).

These writers, however, do not contend that such forfeiture clauses are void and invalid per se, but that the validity or invalidity of forfeiture clauses in such pension plans should be determined in much the same way that the validity or invalidity of a noncompetition clause in an employment contract is determined, i.e., by the test of reasonableness—whether the clause is an unreasonable restraint of trade. Note, 50 Cornell L Q 672, *supra,* at 674; Koehn and Ptacek, *supra,* at

---

[①] Defendants also cite cases involving forfeiture by insurance agents of the right to receive commissions on renewal premiums. See Annot., 36 ALR3d 958, 1024-25 (1971). Although of interest by analogy, we do not consider those cases to be controlling in this case.

86, 88, 89. Indeed the writer of the law review comment so heavily relied upon by plaintiffs, who also criticizes the "employee's choice" doctrine, and for much the same reasons, also concludes (at p 306) that:

> "It would seem that the proper method of analyzing a non-competition covenant ancillary to a pension contract should be to determine whether the covenant not to compete is reasonable in the light of the interests protected. If the covenant is unreasonable, the employee should be permitted to recover the pension interest. If the covenant is reasonable, the forfeiture should then be examined to determine if it is unconscionable or penal in nature. When the forfeiture is not unconscionable or penal, the employee should forfeit his pension interests. * * *"[7]

This, of course, is consistent with the test of the Restatement 987-89, Contracts §§ 513-15, to the following effect, as stated in Blake, Employee Agreements Not to Compete, 73 Harv L Rev 625, at 648-9 (1960):

> "* * * [a] covenant restraining an employee from competing with his former employer on termination of employment is valid if it is reasonable in view of the circumstances of the particular case. A restraint is reasonable only if it (1) is no greater than required for the protection of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public."

This is consistent with the following test as stated by this court in *Eldridge et al v. Johnston,* 195 Or 379, 245 P2d 239 (1952), at 403:

> "Three things are essential to the validity of a contract in restraint of trade: (1) it must be partial

[7] This writer also contends, however (at pp 298-99), that the courts should not "reform" restrictive clauses which are overly broad in time and territory, as would be done under the rule proposed by Corbin and adopted by this court in Kelite Prod., Inc. v. Brandt et al, 206 Or 636, 294 P2d 320 (1956).

or restricted in its operation in respect either to time or place; (2) it must be on some good consideration; and (3) it must be reasonable, that is, it should afford only a fair protection to the interests of the party in whose favor it is made, and must not be so large in its operation as to interfere with the interests of the public." (Citations omitted)

and, at p 408:

"Ordinarily, the principal question to be determined in cases such as this, [involving the contention that the territorial limits were overly broad] a good consideration being present, is whether the restriction is reasonable with respect to time and territorial extent, and the answer to this question necessarily depends upon the facts and circumstances of each particular case as it arises. * * *"

See also 6A Corbin on Contracts 78-81, 89-106, §§ 1391 and 1394 (1962).[8]

Based upon these considerations we hold that it was error for the trial court to sustain plaintiffs' demurrers to defendants' affirmative defenses in these three cases, thereby holding that the forfeiture clause of the pension plan involved in these cases was invalid as a matter of law as applied to these employees. We therefore remand each of these cases to the trial court in

---

[8] In addition, see Blake, Employee Agreements Not to Compete, 73 Harv L Rev 625, 651-67 (1960); Koehn and Ptacek, Employer Protection Against Loss of the Key Employee, 57 Iowa L Rev 75, 86, 93, 95, 102 (1971); Comment, Forfeiture of Pension Benefits for Violation of Covenants Not to Compete, 61 Nw U L Rev 290, 300 (1966); Note, 49 NC L Rev 393, 400-1 (1971); Richards, Drafting and Enforcing Restrictive Covenants Not to Compete, 55 Marq L Rev 241, 243-48 (1972).

Cf. Kelite Prod., Inc. v. Brandt et al, *supra* note 7, at 651, 656; McCombs et al v. McClelland, 223 Or 475, 485, 354 P2d 311 (1960); McCallum v. Asbury, 238 Or 257, 264, 393 P2d 774 (1964); Mail-Well Envelope Co. v. Saley, 262 Or 143, 497 P2d 364 (1972). See also Perthou v. Stewart, 243 F Supp 655 (D Or 1965), and Wood v. May, 73 Wash 2d 307, 438 P2d 587 (1968).

order that a determination may be made whether this forfeiture clause is reasonable or unreasonable, as applied to the facts and circumstances of this case.

Reversed and remanded.[9]

---

[9] We have not overlooked plaintiffs' further contention that this pension plan includes a provision requiring that defendant trustees shall exercise their discretionary powers uniformly and consistently and without discrimination. This contention, however, is not pertinent upon the question whether the trial court erred in sustaining plaintiffs' demurrers to defendants' affirmative defenses, although it may become pertinent upon the remand of these cases.