162 N.J. Super. 579 (1978)
394 A.2d 116
ROBERT L. ELLIS, PLAINTIFF-RESPONDENT,
v.
GEORGE LIONIKIS, TRUSTEE; AND STATE INSULATION CORPORATION PROFIT SHARING TRUST, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1978.
Decided October 6, 1978.
*581 Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. Bruce S. Eddington argued the cause for appellants (Messrs. Kraft & Hughes, attorneys).
Mr. Birger M. Sween argued the cause for respondent.
The opinion of the court was delivered by BISCHOFF, J.A.D.
Defendants George Lionikis, trustee, and State Insulation Corporation Profit Sharing Trust (trust), appeal from a judgment denying enforcement of a post-employment restrictive condition against competitive employment providing for a forfeiture of benefits in a profit-sharing trust for a violation thereof.
Plaintiff Robert Ellis was employed as a salesman by State Insulation Corporation (State) from September 9, 1966 until April 29, 1975, when he was discharged. He instituted this action to obtain (1) an accounting of his interest in a profit-sharing plan established by State in 1962 and (2) a judgment directing payment of that interest to him. The trust filed a counterclaim in which it sought a judgment declaring plaintiff's interest in the trust forfeited because of his violation of a condition against post-employment competition contained in the plan.
The condition provided for forfeiture of an employee's interest in the trust if he should, during the first two years *582 of separation from employment with State, engage directly or indirectly in competition with the business of State within a designated territory.
The trial judge, in an opinion reported at 152 N.J. Super. 321 (Ch. Div. 1977), held the forfeiture clause invalid as to plaintiff and determined that he had a vested interest in the trust in the amount of $17,755.74.
The facts are set forth in detail in the reported opinion (at 323-327) and need not be restated here. It is sufficient to observe that, after his discharge, plaintiff attempted to find work in noncompetitive types of employment. He was unable to do so and accepted employment in competition with State within the area proscribed by the condition in the plan.
No claim is made that either the time or space components of the condition against competition are unreasonable.
We consider, first, the impact of the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1001 et seq., upon the issues presented.
The trial judge found, and the parties concede, that nothing in ERISA deals expressly with forfeiture of vested interests in employee benefit plans occurring during the 1975 calendar year. However, he held that the portion of ERISA which became effective January 1, 1976 preempted the field and expressed a clear, unequivocal public policy against forfeiture of employee benefits because of post-employment competitive activity. For this public policy reason he ruled the forfeiture provisions in the plan invalid and not enforceable. This court has held such an approach to this issue is improper. In Knollmeyer v. Rudco Industries, Inc., 154 N.J. Super. 309 (App. Div. 1977), where the issue was before us, we said:

* * * * * * * *
Plaintiff suggests that the public policy implicit in the Pension Reform Act of 1974 (more properly the Employee Retirement Income Security Act of 1974), 29 U.S.C.A. § 1001 et seq. and 26 U.S. *583 C.A. § 401 et seq., underpins his claim that the forfeiture provision of Article 9.10 of the Rudco Plan is void and unenforceable. We find no merit in that suggestion. The federal law became effective subsequent to the events involved in this case. By the terms of 29 U.S.C.A. § 1144, its "nonforfeitable" requirements, 29 U.S.C.A. § 1053, can have no retroactive application to the cause of action asserted here * * *. [at 313]
The same conclusion was reached in Amory v. Boyden Associates, Inc., 434 F. Supp. 671 (S.D.N.Y. 1976), where the court said:

* * * * * * * *
It is at once obvious that nothing in the Act expressly deals with a forfeiture declared in the period between January 1, 1975 (when State law was replaced by Federal) and January 1, 1976 (when forfeiture of this nature became outlawed). Plaintiff would have us fill this apparent void by pre-dating the prohibition of forfeiture, while defendants would have us rule that insofar as it concerns forfeitures the Act is wholly without effect until January of 1976. We think neither view is tenable.

* * * * * * * *
It seems to us that during the interim between January 1, 1975 and January 1, 1976 declarations of forfeiture of vested pension rights must be subject to judicial scrutiny according to a reasonableness test. The standard of reasonableness, should, as a consequence of the public policy expressed in the Congressional mandate, be a rigorous one and should be applied both to forfeiture provisions and their application. (Citations omitted.) Indeed, we believe that during this interim period ERISA creates a presumption of unreasonableness in forfeiture provisions and places the burden of proof on those who wish to apply them. [at 672-673]
We conclude that the forfeiture clause in State's plan was not rendered invalid by the enactment of ERISA, nor unenforceable because of any public policy expressed by it. We proceed to an evaluation of the test to be applied in determining whether such a forfeiture clause or condition is valid and enforceable.
The trial judge observed that in a majority of the jurisdictions that had considered the issue a different rule was applied when considering, on the one hand, the enforceability by injunctive order of a covenant against competition *584 contained in a contract of employment and, on the other hand, the validity of a condition against post-employment competitive activity contained in an employee benefit plan so as "to work a forfeiture of substantial economic benefits which were earned as an incident to the employment." Ellis v. Lionikis, supra, 152 N.J. Super. at 329.
Whatever may be the rule in other jurisdictions,[1] we discern no sound basis for determining the validity of the forfeiture provision in State's employee benefit plan in a manner any different from that used to determine the validity of a noncompetition clause in an employment contract. Knollmeyer v. Rudco Industries, Inc., supra, 154 N.J. Super. at 313; Lavey v. Edwards, 264 Or. 331, 505 P.2d 342 (Sup. Ct. 1973); Food Fair Stores, Inc. v. Greeley, 264 Md. 105, 285 A.2d 632 (Ct. App. 1972); Note, 50 Cornell L.Q. 672, 674 (1965); Koehn and Ptacek, "Employer Protection Against Loss of the Key Employee," 57 Iowa L. Rev. 75, 86, 88-89 (1971).
To the extent that the cases of Evo v. Jomac, Inc., 119 N.J. Super. 7 (Law Div. 1972), and Miller v. Associated Pension Trusts, Inc., 396 F. Supp. 907 (E.D. Mo. 1975), may be read to hold that a different test should be applied to the construction of forfeiture conditions based upon noncompetition clauses in employee benefit plans from that applied to covenants against post-employment competition in employment contracts, we decline to follow them.
The validity of noncompetition clauses, whether contained in employment contracts or in conditions against post-employment competition as part of an employee benefit plan, is to be determined by the same standard, i.e., reasonableness. *585 Knollmeyer v. Rudco Industries, Inc.; Amory v. Boyden Associates, Inc., both supra. The path to be followed in determining the validity of a covenant against post-employment competition contained in an employment contract has been well defined for us in the case of Solari Industries, Inc. v. Malady, 55 N.J. 571 (1970):
* * * [W]hile a covenant by an employee not to compete after the termination of his employment is not, because of the counter-vailing policy considerations, as freely enforceable, it will nonetheless be given effect if it is reasonable in view of all the circumstances of the particular case. It will generally be found to be reasonable where it simply protects the legitimate interests of the employer, imposes no undue hardship on the employee, and is not injurious to the public * * *. [at 576]
A restraint against competition is invalid when its sole purpose is to prevent competition, for it does not protect any legitimate interest of the employer and therefore is not reasonable. Whitmyer Bros., Inc. v. Doyle, 58 N.J. 25, 35 (1971).
The trial judge recognized the rule of the Solari and Whitmyer cases and said:

* * * * * * * *
Were this an action by State to enjoin Ellis from competing in violation of a post-employment covenant, it is clear State would not be entitled to such relief under the standards laid down in Solari Industries, Inc. v. Malady, 55 N.J. 571, 576 (1970), and Whitmyer Bros., Inc. v. Doyle, 58 N.J. 25, 32-33 (1971). Ellis did not carry over into his new employment any trade secrets or confidential information, nor were his prior relationships with State's customers of any particular significance in gaining business on behalf of his new employers. In fact, State's sales in his territory increased after his departure. Ellis was simply one more salesman seeking orders in an industry which is admittedly highly competitive, and State's legitimate business interests would not be served by restraininng him from competing with it. As noted in Whitmyer, supra at 33, an employer "has no legitimate interest in preventing competition as such," and in the factual context of this case a noncompetitive covenant would be viewed as unreasonable. [Ellis v. Lionikis, supra, 152 N.J. Super. at 327-328]
*586 The validity of these factual findings has not been questioned by either party to this appeal; they are supported by substantial credible evidence in the record, and we will not disturb them. State v. Johnson, 42 N.J. 146, 162 (1964). It follows that if the subject clause against post-employment competition were contained in an employment contract and would be unenforceable because of the existing factual situation, it is likewise unenforceable when contained, as here, in an employee benefit plan.
The judgment entered in the trial court holding "the action of the trustees of the plan in declaring a forfeiture of the employee's vested interest * * * invalid" is, for the reasons expressed herein:
Affirmed.
NOTES
[1] To the cases cited by the trial judge at 329 should be added: Rochester Corporation v. W.L. Rochester, Jr., 450 F. 2d 118 (4 Cir.1971); Annotation, 18 A.L.R.3d 1246, entitled "Validity, Construction and Effect of Provision Forfeiting or Suspending Benefits in Event of Competitive Employment as Part of Retirement or Pension Plan."