Argued and submitted July 16,
reversed and remanded October 20, 1980

BENNETT,
*Appellant,*
*v.*
LES SCHWAB TIRE CENTERS OF OREGON, INC.,
*Respondent.*

(No. 11291, CA 15616)

618 P2d 455

Terrence B. O'Sullivan, Bend, argued the cause for appellant. With him on the briefs was Merrill and O'Sullivan, Bend.

E. Joseph Dean, Portland, argued the cause for respondent. With him on the brief was Stoel, Rives, Boley, Fraser and Wyse, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff, a former employe of defendant, seeks recovery of bonuses that accrued during his employment pursuant to a written profit-sharing agreement. Finding that plaintiff forfeited the balance of his bonuses under a valid liquidated damages clause[1] in a noncompetition covenant in the agreement, the trial court entered summary judgment in favor of defendant. On appeal, plaintiff assigns as errors the findings of the trial court that (1) the employer had a legitimate interest entitled to protection by a restrictive covenant; and (2) the liquidated damages clause was not a penalty, but a reasonable forecast of just compensation. The second issue disposes of the case.

In October, 1975, plaintiff was promoted to the position of assistant manager of defendant's tire center store in Bend. In January, 1976, plaintiff signed an agreement providing that plaintiff was to share in ten percent of the profits of the Bend store. Paragraph Twelve of the agreement provides:

> "The parties agree that the service covered by this bonus agreement is strictly personal and that the bonus has been so awarded because of the special fitness and experience of the Employee in his line of work for the Employer, and that by reason of these facts, if Employee ceases to work for the Employer, Employer will incur financial loss which cannot be adequately measured by the rules of law, and, therefore, the Employee covenants and agrees that if he engages in the tire business in Deschutes, Jefferson and Crook Counties in the State of Oregon, either as an employee, manager, operator or in any other capacity within five years after leaving the Employer's employ, then and in that event, the Employer shall have the right to offset the remaining unpaid balance of this contract as liquidated damages for breach of this agreement."[2]

---

[1] The contract language identifies the forfeiture clause as one for liquidated damages and for the purpose of our analysis we accept that description.

[2] ORS 653.295 provides:

Paragraph Three of the agreement provides:

"That the time of payment of said bonus or partial payments thereon shall be at the sole discretion of the Employer. Employee understands this must depend on the financial condition and cash picture of the Bend LES SCHWAB TIRE CENTER. Adjustment shall be made at the end of each fiscal year for any advances made on said bonus during the year."

In August, 1976, plaintiff voluntarily left the employment of defendant and established a similar business in Bend, Deschutes County. Plaintiff had received a portion of his accrued bonuses while still employed. Defendant refused to tender the balance of the bonuses on the ground that plaintiff had forfeited that amount under Paragraph Twelve of the agreement. This action ensued.

In its decision on defendant's motion for summary judgment, the trial court stated:

"It is the court's view that the liquidated damage provision is a valid agreement not constituting an arbitrary penalty for plaintiff's proscribed competition. The forecast appears reasonably related to the damages that would result — a long-time manager would accumulate larger bonuses and upon termination and competition with his former employer would sacrifice more. However, a long-time manager would be more likely to siphon away more customers and business practices causing greater harm to his former employer. Further, the graduated bonus payment schedule seems to take into consideration that the

---

"(1) A noncompetition agreement entered into between an employer and his employe is void and shall not be enforced by any court in this state unless the agreement is entered into upon the initial employment of the employe with the employer.

"(2) Subsection (1) of this section applies only to noncompetition agreements made in the context of an employment relationship or contract and not otherwise.

"(3) Subsection (1) of this section applies only to noncompetition agreements entered into after July 22, 1977.

" * * * * * "

The agreement in question was entered into after plaintiff's initial employment, but before the effective date of ORS 653.295.

earlier the competition occurs in the five year period the greater the damage to the employer thereby requiring a larger forfeiture to the employer."

■      Defendant argues that the issue of penalty was not properly raised at trial because no "ultimate facts" were pled. In plaintiff's reply to defendant's answer, which raised the defense of forfeiture of the balance, plaintiff alleged:

> "As of October 1, 1975 a bonus had been accumulated for the benefit of Plaintiff by Defendant in the amount of $13,576.60. The claim by Plaintiff would result in forfeiture of said sum and operates as a penalty in said amount and is therefore void."

Defendant did not then move to make the pleading more definite and certain. Defendant does not claim that any surprise or prejudice resulted from the alleged defect. Assuming *arguendo* that necessary facts were omitted from the reply, we nevertheless find it sufficient to apprise the defendant of plaintiff's contention, and we uphold the pleading. *Fulton Ins. Co. v. White Motor Corp.,* 261 Or 206, 219, 493 P2d 138 (1972).

■      Defendant points out that the bonus agreement does not contain an express promise by plaintiff not to compete but only that if he does compete within the limits of time and locality provided, a forfeiture of the balance of accrued bonuses will result. Because such agreements have the same effect in inhibiting an employe from accepting a new job, we treat the provision as if it were an agreement not to compete and examine the forfeiture to determine whether it is penal in nature. *Lavey/Moore/Brown v. Edwards,* 264 Or 331, 336-37, 505 P2d 342 (1973).

■      The test in Oregon for determining whether or not a liquidated damages provision is penal in nature is furnished in Section 339 of the Restatement, Contracts (1932). *Harty v. Bye,* 258 Or 398, 406-7, 483 P2d 458 (1971). Section 339 provides in relevant part:

> "(1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a

contract and does not affect the damages recoverable for the breach, unless

> "(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, * * * "

The stipulation in Paragraph Twelve that the balance of accrued bonuses may be forfeited does not describe an "amount so fixed" as contemplated in the Restatement. The illustrations to this Restatement section do not include a formula like that provided here which makes the forfeiture amount depend upon the balance in the bonus account. Defendant has not cited to us nor are we aware of an Oregon case upholding such a formula as a valid liquidated damages provision. To the contrary, an analagous forfeiture was rejected as a liquidated damages clause in *Babler Bros., Inc., v. Hebener,* 267 Or 414, 417-19, 517 P2d 653 (1974). The underlying cause in *Babler* was an action in replevin to recover a quantity of gravel plaintiffs had purchased from defendants. The court rejected defendant's claim that forfeiture of gravel remaining on defendant's premises at the time of breach of the contract liquidated the damages, under the following provision in the contract:

> "23. At the termination by lapse of time specified hereinabove, on cancellation by default of this agreement, any and all rock materials of any nature or kind, being shot quarry rock, crushed rock, or rejected materials, they all shall immediately become the property of the first party without any written instrument to transfer the title thereto, and in case of default, and [sic] advance payment forfeited." 267 Or at 417.

The court reasoned:

> "Applying the test of the Restatement, the facts of this case do not disclose that forfeiture of the gravel was a reasonable forecast of compensation for a breach and that any harm caused by a breach was difficult to estimate.

> "As to the first requirement, it is apparent that paragraph 23 does not fix an amount of damages which is a reasonable forecast of just compensation

for harm caused by a breach. That paragraph establishes that the amount of monetary damage was to be measured by the quantity of gravel existing at the time a default occurs. *The amount thus available as compensation for a breach would depend entirely on the amount of gravel that happened to be on hand at the time and would be without any reasonable relationship to the amount of damages from a breach.*" 267 Or at 419. (Emphasis added)

■ This holding is contrary to the trial court's finding that the formula here was a reasonable forecast of just compensation. Moreover, the existence of the employe's rights to draw advances on the bonuses subject to the discretion of defendant, as provided in Paragraph Three of the agreement, means that the amount to be forfeited can fluctuate further according to how much money happens to remain in the bonus account after draws have been made.[3] Due to that additional arbitrary factor in the formula, the amount thus available as compensation for the breach does not bear any relationship to the amount of damages from a breach.

We hold that the stipulation does not liquidate damages but imposes a penalty,[4] and the forfeiture is invalid. The order for summary judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

[3] At oral argument, defendant's counsel asserted that in practice the balance of bonuses was not allowed to fall below a certain level. Even were that general policy reflected in the record as having been understood by the parties at the time the contract was made, the variability still present would prevent the formula from expressing an amount fixed as a reasonable forecast of just compensation, under the test of the Restatement, *supra.*

[4] We find it unnecessary to consider an additional argument advanced by plaintiff that the stipulation is a penalty in that the amount was not negotiated between the parties. *See Dean Vincent Inc. v. McDonough,* 281 Or 239, 245-46, 574 P2d 1096 (1978).