Argued and submitted December 19, 1984, affirmed March 6, 1985

# PACIFIC VETERINARY HOSPITAL,
*Appellant,*

*v.*

# WHITE,
*Respondent.*

## (A8206-03399; CA A33034)

696 P2d 570

William N. Mehlhaf, Portland, argued the cause for appellant. With him on the briefs was Burns & Mehlhaf, Portland.

Brendan Stocklin-Enright argued the cause for respondent. On the brief was John Dilorenzo, Jr., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff commenced this action to enforce a non-competition agreement in an employment contract with defendant, seeking an injunction and damages. The trial court denied plaintiff's motion for a preliminary injunction after a trial. The parties subsequently entered into a stipulation that the court's reasons for denying the preliminary injunction, if correct, apply also to plaintiff's claim for damages. The court then entered a final judgment in favor of defendant, denying plaintiff all the relief that it had requested. Plaintiff appeals, contending that the court erred in concluding that ORS 653.295[1] prohibits enforcement of the restrictive covenant.

Plaintiff is a professional corporation engaged in the practice of veterinary medicine. Defendant began to work for plaintiff as a veterinarian on August 1, 1979. At the commencement of his employment, he entered into a written contract of employment for a term of six months. The contract contained a noncompetition agreement:

"9) RESTRICTIONS: [Defendant] agrees that he will not own, manage, operate, control, be employed by, participate or be connected in any manner with the ownership, management, operation or control of any business or profession engaged in veterinary services during the period of this

---

[1] The version of ORS 653.295 which was in effect when the contract was made and the action commenced provided:

"(1) A noncompetition agreement entered into between an employer and his employe is void and shall not be enforced by any court in this state unless the agreement is entered into upon the initial employment of the employe with the employer.

"(2) Subsection (1) of this section applies only to noncompetition agreements made in the context of an employment relationship or contract and not otherwise.

"(3) Subsection (1) of this section applies only to noncompetition agreements entered into after July 22, 1977.

"(4) As used in this section:

"(a) 'Employe' and 'employer' have the meaning provided for those terms in ORS 652.310; and

"(b) 'Noncompetition agreement' means an agreement, written or oral, express or implied, between an employer and employe under which the employe agrees that he, either by himself or as an employe of another person, shall not compete with the employer in providing products, processes or services, that are similar to the employer's products, processes or services for a period of time or within a specified geographic area after termination of employment."

agreement and for a period of two years after the termination thereof, within the boundaries of 2 1/2 miles for small animal practice and 20 miles for equine practice in all directions from the location of Pacific Veterinary Hospital, P.C., including Cedar Hills Veterinary Hospital, in which he worked for Employer.

"[Defendant] agrees that he will not, during or at any time after the term of his employment, disclose to any person, firm or corporation the names and/or addresses of any past or present client or prospective client of Employer or solicit business of a nature similar to that of Employer.

"If [Defendant] violates any of the terms of this section, the Employer shall be entitled to an injunction by any competent court enjoining and restraining him and each and every other person involved from continuance of prohibited activities. The said injunction shall be in addition to the Employer's right to damages, if any, and any other legal right which the Employer may possess in connection with any said violation by [Defendant].

"This agreement shall be binding upon [Defendant], his heirs, executors and assigns and shall inure to the benefit of the Employer, its successors and assigns."

Defendant continued to work for plaintiff after the contract expired on January 31, 1980. The parties executed a second employment contract on March 3, 1980, which covered the six month period of February 1, 1980, through July 31, 1980. The second contract was different in several respects, including an increase in defendant's compensation. The second contract's noncompetition agreement was different in geographic scope and duration from the first. It covered a period of five years from the termination of defendant's employment and changed the boundaries of the restricted areas for small animal and equine practice to five and 25 miles, respectively.

The parties entered into a third contract covering the period of August 1, 1980, through January 31, 1981. The third contract contained a noncompetition agreement that was identical to the one in the second contract. Defendant continued to work for plaintiff after the third contract expired; the parties continued to observe its terms and conditions. Plaintiff gave defendant notice of termination of his employment on October 1, 1981, and his last day of work for plaintiff was October 28, 1981.

Defendant purchased a veterinary practice in Boring, Oregon, which is within 25 miles of plaintiff's office; he began working there on November 1, 1981. Plaintiff alleged in its complaint that defendant was engaged in a small animal and equine practice within five and 25 miles, respectively, of plaintiff's office and that he was soliciting plaintiff's clients. Plaintiff's prayer for injunctive and monetary relief was based solely on the noncompetition agreement in the third contract.

The trial court held that the noncompetition agreement of the third contract was void and unenforceable under ORS 653.295, because it was entered into subsequent to defendant's initial employment by plaintiff. On appeal, plaintiff contends that the statute was intended to prohibit only the imposition of a noncompetition agreement as a condition of continued employment when the employe was not apprised of the requirement when he commenced work. Plaintiff contends that the legislature did not intend to prohibit the negotiation of modified noncompetition agreements in contracts subsequent to the initial employment contract if the first contract contained a noncompetition agreement. Defendant argues that the trial court correctly decided that ORS 653.295 precludes enforcement of any noncompetition agreement not entered into at the time of the employe's initial employment. After reviewing the legislative history of ORS 653.295 to discern the legislative intent, ORS 174.020, we conclude that defendant is correct and affirm the trial court's decision.

House Bill 2615 in 1977 was phrased originally to invalidate any noncompetition agreement between an employer and an employe. It appears that ORS 653.295 was inspired by a sentiment that noncompetition agreements in the employment context are contrary to public policy and should be prohibited entirely.[2] During consideration of the bill, business representatives testified as to the reasonableness of noncompetition agreements in certain situations. The legislature responded by enacting ORS 653.295. *See* n 1, *supra*. We conclude that the legislature intended to protect employes from surprise and oppressive tactics by providing that any

---

[2] *See, e.g.,* the discussion of the use of noncompetition agreements in the context of medical employment in *Ladd v. Hikes,* 55 Or App 801, 807, 639 P2d 1307 (1982) (Buttler, P.J., dissenting).

noncompetition agreement other than the one entered into at the initial employment is void and unenforceable.[3]

In this case, during the course of defendant's employment, plaintiff imposed a more onerous noncompetition agreement than one entered into on defendant's initial employment. The noncompetition agreement contained in the third contract, on which plaintiff relies, is void and unenforceable by reason of ORS 653.295.

Affirmed.

---

[3] Although the construction of the current statute is not presented in this case, it does not appear that the 1983 amendment (Or Laws 1983, ch 828, § 1) was intended to correct a previous oversight and to validate a noncompetition agreement entered into in the circumstances of this case.

The current version of ORS 653.295 provides, in pertinent part:

"(1) A noncompetition agreement entered into between an employer and employe is void and shall not be enforced by any court in this state unless the agreement is entered into upon the initial employment *or subsequent bona fide advancement* of the employe with the employer.

"* * * * *

"(4) Subsection (1) of this section does not apply to bonus restriction agreements, which are lawful agreements that may be enforced by the courts in this state.

"* * * * *

"(6) As used in this secton:

"(a) 'Bonus restriction agreement' means an agreement, written or oral, express or implied, between an employer and employe under which:

"(A) Competition by the employe with the employer is limited or restrained after termination of employment, but the restraint is limited to a period of time, a geographic area and specified activities, all of which are reasonable in relation to the services described in subparagraph (B) of this paragraph:

"(B) The services performed by the employe pursuant to the agreement include substantial involvement in management of the employer's business, personal contact with customers, knowledge of customer requirements related to the employer's business or knowledge of trade secrets or other proprietary information of the employer; and

"(C) The penalty imposed on the employe for competition against the employer is limited to forfeiture of profit sharing or other bonus compensation that has not yet been paid to the employe." (Emphasis supplied.)

The first change is that noncompetition agreements entered into on the "subsequent bona fide advancement" of an employe are enforceable. The legislative history indicates that this change was intended to cover the situation in which an employe does not enter into a noncompetition agreement on initial employment, but is asked to sign one when promoted. A second change authorizes "bonus restriction agreements," which were invalidated by this court in *Bennett v. Les Schwab Tire Centers*, 48 Or App 909, 618 P2d 455 (1980).