**In re: VOICEMAIL INTERNATIONAL, INC., Debtor.**

**ITALCABLE SPA, Appellant,**

**v.**

**ENVOY GLOBAL, INC., Appellee.**

**No. 00–15560.**
**BAP No. NC–99–01110–RyMer.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2001.*

Decided Sept. 21, 2001.

Before WOOD,** KOZINSKI, and O'SCANNLAIN, Circuit Judges.

### MEMORANDUM ***

ItalCable SpA ("ItalCable") appeals the Bankruptcy Appellate Panel's ("BAP") reversal of the judgment of the U.S. Bankruptcy Court for the Northern District of California. The facts and prior proceed-

ings are known to the parties; they are not recited herein, except as necessary.

## I

ItalCable asserts that a contingent payment clause in its contract with Envoy Global, Inc., constitutes an illegal forfeiture. Under Oregon law, forfeiture clauses are treated as liquidated damages clauses. *See Bennett v. Les Schwab Tire Ctrs. of Or.,* 48 Or.App. 909, 618 P.2d 455 (Or.Ct. App.1980) (treating a forfeiture clause as a liquidated damages clause). Section 72.7180(1) of the Oregon Revised Statutes governs the enforceability of liquidated damages clauses:

> Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in light of the anticipated or actual harm caused by the breach, the difficulties of the proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.

Or.Rev.Stat. § 72.7180(1) (1999). *See also Illingworth v. Bushong,* 297 Or. 675, 688 P.2d 379, 390 (Or.1984) (extending § 72.7180(1) from the sale of goods to all contracts). ItalCable, as the party seeking to avoid enforcement of the clause, bears the burden to prove that the clause constitutes an illegal penalty.

ItalCable did not meet its burden in the bankruptcy court to show that the forfeited amount was unreasonable in light of the anticipated harm from a breach, the diffi-

---

where no timely review of decision was sought).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

** The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

culties of proof of loss and the inconvenience of obtaining an alternative remedy. The bankruptcy court did not clearly err when it found that the forfeiture clause was a valid liquidated damages provision.

## II

With respect to the substituted performance issue, we affirm the BAP's reversal of the bankruptcy court for the reasons stated in the BAP's memorandum disposition filed on January 28, 2000, as amended on March 15, 2000.

AFFIRMED.